**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**August 10, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

DALE HUNT,

      Plaintiff-Appellant,

v.

COLORADO DEPARTMENT OF
CORRECTIONS; PEGGY HEIL,
individually and in her official
capacity as ex-director of SOTMB,
Office of Legal Affairs; JOE
STOMMEL, individually and in his
official capacity, Director of SOTMB,
Office of Legal Affairs; RICHARD G.
LINS, individually and in his official
capacity as Therapist SOTMB, Office
of Legal Affairs,

      Defendants-Appellees.

No. 05-1168
(D.C. No. 05-Z-175)
(Colorado)

---

**ORDER AND JUDGMENT**[*]

---

Before **HARTZ**, **SEYMOUR**, and **McCONNELL**, Circuit Judges.

---

[*]After examining appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, or collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff-Appellant Dale Hunt, a state inmate appearing *pro se*, appeals the district court's order dismissing without prejudice his 42 U.S.C. § 1983 action for failure to exhaust administrative remedies. We have jurisdiction under 28 U.S.C. § 1291 and reverse in part, and vacate and remand in part.[1]

The issue in this case is whether Mr. Hunt adequately exhausted his administrative remedies prior to filing this federal civil rights action alleging that his termination from a mandatory sex offender treatment program and defendants' refusal to readmit him violates his constitutional rights. Although the district court noted that Mr. Hunt listed two claims in his complaint, namely termination of treatment and refusal to readmit, it nonetheless read Mr. Hunt's complaint to raise four claims: (1) denial of due process as to his termination; (2) denial of due process for failure to readmit; (3) denial of due process for continued incarceration and refusal to parole; and (4) violation of his Eighth Amendment protections against cruel and unusual punishment when defendants denied him necessary mental health treatment. The district court did not reach the merits of these claims because it found that although Mr. Hunt alleged he had exhausted all administrative remedies and submitted documents supporting his allegation, he had not established he exhausted his remedies as to the third and fourth claims.

---

[1] Because he is proceeding *pro se*, we review Mr. Hunt's pleadings and filings liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

"A provision of the Prison Litigation Reform Act (PLRA) directs that '[n]o action shall be brought with respect to prison conditions' until a prisoner exhausts his available administrative remedies. 42 U.S.C. § 1997e(a)." *Steele v. Fed. Bureau of Prisons*, 355 F.3d 1204, 1206 (10th Cir. 2003). The Supreme Court has held that the exhaustion requirement is "mandatory for all inmate suits about prison life." *Id.* at 1207 (quoting *Porter v. Nussle*, 534 U.S. 516, 524 (2002)) (internal quotation marks omitted). Moreover, we have held that the prisoner bears the burden of pleading exhaustion. "To ensure compliance with [§ 1997e(a)], a prisoner must provide a comprehensible statement of his claim and also either attach copies of administrative proceedings or describe their disposition with specificity." *Id.* at 1211. We have noted, however, that

> [t]here will be cases . . . in which the correct resolution of an exhaustion issue will not become apparent during the district court's screening process. For instance, a prisoner may allege exhaustion and either attach ambiguous documents arising from the grievance process or submit a misleading declaration. If the case is not otherwise subject to dismissal on its face as frivolous, malicious or because it fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief, the case should go forward.

*Id.* (internal quotations omitted).

We review *de novo* the district court's finding that Mr. Hunt failed to exhaust administrative remedies. *See Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002). Mr. Hunt submitted documentation to the district court showing he had filed two separate grievances with the DOC and pursued each grievance

through the four required phases. *See* Colorado Dep't of Corr., Admin. Regulation 850-04, Grievance Procedure (August 1, 2003). Reading the two grievances together, Mr. Hunt claimed that (1) the 2001 psychiatric evaluation used to designate him a sex offender in need of treatment was unjust and biased; (2) his repeated requests for an updated evaluation have been denied or ignored; (3) he was improperly terminated from sex offender treatment for refusing to admit he was a sex offender; (4) his requests to be readmitted to sex offender treatment or some alternative form of treatment have been denied or ignored; and (5) as a result he has been improperly denied parole and remains incarcerated beyond the expiration of his sentence. *See* Rec., doc. 9 at 17-27. At one point in the grievance process, Mr. Hunt expressly stated that the denial of "the required programming is [an] illegal violation of my civil rights." *Id.* at 23.

Mr. Hunt obtained final administrative responses to both of his grievances.[2] The responses stated he had failed to establish that the evaluation leading to his classification as a sex offender was biased or inaccurate. *Id.* at 22. They said he could obtain an outside evaluation, but only with the permission of the mental health department and only if he paid for it himself. *Id.* The responses further asserted Mr. Hunt's treatment had not been improperly terminated, he had not

---

[2]Both of the final "step three grievance" responses stated as follows: "Your request for relief is denied. This is the final administrative response in this matter and you have exhausted your administrative remedies." Rec., doc. 9 at 22 and 27.

shown that he met the criteria for readmission, and he would only be readmitted when he met those criteria. *Id*. at 27.

The documentation of the two completed grievance processes supports Mr. Hunt's assertion that he exhausted all available remedies as to his claims that the 2001 psychiatric evaluation used to designate him as a sex offender was biased and unjust and that the DOC refused to reevaluate him. Furthermore, the documentation supports Mr. Hunt's assertion that he exhausted all available remedies as to his claims that his sex offender treatment was improperly terminated and his requests for readmittance were improperly denied. The documentation also reveals Mr. Hunt claimed that but for his erroneous classification as a sex offender, he would have been released from incarceration upon the expiration of his sentence or, in the alternative, that but for the improper termination of his sex offender treatment he would have been paroled. In other words, the various due process claims identified by the district court all arise from Mr. Hunt's undisputably exhausted claims that defendants unfairly classified him as a sex offender or, in the alternative, improperly terminated his treatment and refused to readmit him.

We thus disagree with the district court's characterization of Mr. Hunt's claims as raising specific due process issues not exhausted below. *See McAlphin v. Toney*, 375 F.3d 753, 755 (8th Cir. 2004) (disagreeing with district court's characterization of prisoner's complaints as alleging multiple claims and

reversing court's dismissal for failure to exhaust administrative remedies).

Although Mr. Hunt must exhaust all claims before filing suit in federal court, he need not exhaust all legal arguments. *See Johnson v. Johnson*, 385 F.3d 503, 517-19 (5th Cir. 2004); *Burton v. Jones*, 321 F.3d 569, 575 (6th Cir. 2003). He has satisfied the former requirement as to his due process claims. Moreover, we have consistently stated that

> [a] pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. We believe that this rule means that if the court can reasonably read the pleadings to state a valid claim . . . it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements.

*Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). In determining whether a *pro se* prisoner has exhausted his administrative remedies, we believe the same principle of liberality should apply. Accordingly, we conclude that Mr. Hunt presented comprehensible due process claims and provided documentation that he exhausted those claims. The district court erred in dismissing them.

We take a slightly different approach regarding Mr. Hunt's Eighth Amendment claim, which the district court also dismissed for failure to exhaust administrative remedies. We hold dismissal of this claim was proper, but on different grounds than articulated by the district court. *See United States v. White*, 326 F.3d 1135, 1138 (10th Cir. 2003) (affirming district court decision on other grounds supported by record); *Duncan v. Gunter*, 15 F.3d 989, 991 (10th

-6-

Cir. 1994) (same). Because Mr. Hunt's Eighth Amendment claim failed to state a claim upon which relief can be granted, dismissal is appropriate. *See* 42 U.S.C. § 1997e(c)(2) (claim may be dismissed for failure "to state a claim upon which relief may be granted" "without first requiring the exhaustion of administrative remedies").

In his complaint, Mr. Hunt asserted that he has a "right to qualified treatment for his sex offender behavior" and that defendants' failure to provide him with treatment was a result of deliberate indifference. *See* Rec., doc. 9 at 3. To state an Eighth Amendment claim for failure to provide treatment and deliberate indifference, however, Mr. Hunt must show that he has serious medical needs or that he suffers from a serious mental disorder. *See Riddle v. Mondragon*, 83 F.3d 1197, 1204 (10th Cir. 1996) ("[T]he mere fact that the plaintiffs are convicted sexual offenders does not mean that they have psychological disorders or that they are in need of psychiatric treatment.") (citation omitted); *see also id.* at 1203-04. Mr. Hunt does not assert that he has a serious medical need for treatment or that he suffers from a serious mental disorder. While Mr. Hunt does argue he wants sex offender treatment, it is not because he claims he suffers from a mental disorder, serious or otherwise. Rather, his stated reason for needing treatment is to satisfy parole requirements. Simultaneously, Mr. Hunt claims he has been erroneously labeled a sex offender and ordered to undergo treatment. His repeated requests for a psychiatric evaluation are not for the purpose of

receiving treatment for a mental disorder, but rather for the purpose of removing himself entirely from the sex offender program.

In sum, we conclude Mr. Hunt failed to state an Eighth Amendment claim upon which relief may be granted. Accordingly, we **VACATE** the district court's ruling on this claim and **REMAND** for dismissal with prejudice. As to his due process claims, we **REVERSE** the district court's dismissal for failure to exhaust and **REMAND** for further proceedings. Mr. Hunt's motion to pay the appellate filing fee in partial payments is **GRANTED**. He is reminded that he is obligated to continue making partial payments until the entire fee is paid.

ENTERED FOR THE COURT

Stephanie K. Seymour
Circuit Judge