**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**August 20, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

VERNON JAGO,

        Petitioner-Appellant,

v.

JOSEPH G. ORTIZ, Executive
Director, Department of Corrections
and JOHN W. SUTHERS, Attorney
General, State of Colorado,

        Respondents-Appellees.

No. 07-1185

District of Colorado

(D.C. No. 07-CV-0039-ZLW)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **BRISCOE**, **EBEL** and **McCONNELL**, Circuit Judges.

Vernon Jago, a Colorado prisoner proceeding *pro se*, seeks a certificate of

appealability ("COA") that would allow him to appeal from the district court's

order denying his habeas corpus petition under 28 U.S.C. § 2241. *See* 28 U.S.C.

§ 2253(c)(1)(B); *Montez v. McKinna*, 208 F.3d 862, 867 (10th Cir. 2000)

(applying § 2253(c)(1)(B) COA requirement to § 2241 actions). Because we

conclude that Mr. Jago has failed to make "a substantial showing of the denial of

---

[*] This order is not binding precedent, except under the doctrines of law of
the case, res judicata, and collateral estoppel.

a constitutional right," we deny his request for a COA and dismiss the appeal. 28 U.S.C. § 2253(c)(2).

## BACKGROUND

On October 11, 2001, Mr. Jago was charged with two counts of sexual assault on a child by one in a position of trust. Two months later, the state reduced the charge to one count of sexual assault on a child, a class four felony under Colorado law, in exchange for a guilty plea. The state district court sentenced Mr. Jago to two years to life imprisonment.

As part of the Sex Offender Lifetime Supervision Act ("SOLSA"), Colorado requires sex offenders to serve the minimum sentence and to progress in treatment until a parole board determines that the offender no longer poses an undue threat to society if treated and monitored appropriately. Colo. Rev. Stat. § 18-1.3-1006(1)(a) (2003). Mr. Jago was denied parole at his first hearing before the board. SOLSA requires the board to review the decision at least once every three years. *Id.* § 18-1.3-1006(1)(c).

On January 8, 2007, Mr. Jago filed a § 2241 habeas petition in federal district court. The court ordered Mr. Jago to amend and clarify his 131-page complaint to comply with Rule 8 of the Federal Rules of Civil Procedure. On March 5, 2007, Mr Jago filed an amended complaint, now only 95 pages long, including exhibits. On March 19, 2007, the district court dismissed the

complaint, finding that it still did not comply with Rule 8. The court then denied a COA and this request followed.

## DISCUSSION

The denial of a motion for relief under 28 U.S.C. § 2241 may be appealed only if the district court or this Court first issues a COA. 28 U.S.C. § 2253(c)(1)(B); *Montez*, 208 F.3d at 867. A COA will issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). If, as here, a court denies a habeas petition on procedural grounds without reaching the underlying constitutional claim, "a COA should issue when the prisoner shows . . . that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

We agree with the court below that Mr. Jago's petition for federal habeas relief does not constitute a "short and plain" statement of his claims, and we therefore conclude it was appropriately dismissed without prejudice under Fed. R. Civ. P. 8. *See Mountain View Pharmacy v. Abbott Labs.*, 630 F.2d 1383, 1387 (10th Cir. 1980).

Quite apart from the procedural deficiencies in the complaint, Mr. Jago has not made a substantial showing of the denial of a constitutional right. His underlying claim seems to be that, as part of a conspiracy to keep him in prison

for life, the state violated his due process rights by not providing him sufficient opportunity to complete the statutory prerequisites for parole before his first parole hearing. He also alleges violations of the Equal Protection Clause and of the Fifth and Eighth Amendments. These claims do not satisfy the standards for granting COA.

Generally, there is no federal constitutional right to parole, although statutory language mandating parole can create a liberty interest that the government cannot infringe upon without affording due process. *See Greenholtz v. Inmates of Neb. Penal and Corr. Complex*, 442 U.S. 1, 7, 12 (1979); *Bd. of Pardons v. Allen*, 482 U.S. 369, 373, 376, 381 (1987). Because the applicable state law gives the board total discretion in granting parole—unlike the statutory mandates for early release in *Greenholtz* and *Allen*—Mr. Jago has no federally protected liberty interest. *See* Colo. Rev. Stat. § 18-1.3-1006(1)(a) ("the parole board shall schedule a hearing to determine whether the sex offender *may* be released") (emphasis added).

Mr. Jago also fails to satisfy the COA requirement with respect to his Eighth Amendment, Double Jeopardy, and Equal Protection claims. He states, without any supporting authority, that the CDOC violated these constitutional rights. As we have previously held in this Circuit, "[c]onclusory allegations without supporting factual averments are insufficient to state a claim." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

Finally, Mr. Jago asks this Court to "put him on a stake and let the townspeople come and burn him." R. Doc. 10, at 4. Having neither the power to afford such a remedy on a request for COA, nor the inclination to create the conditions upon which Mr. Jago might have an actual Eighth Amendment claim, we deny this request.

## CONCLUSION

We **DENY** Mr. Jago's request for a COA and **DISMISS** this appeal. Appellant's motion to proceed *in forma pauperis* is also **DENIED**.

Entered for the Court,

Michael W. McConnell
Circuit Judge