FILED
United States Court of Appeals
Tenth Circuit

March 28, 2008

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

DALE ALLEN HUNT,

     Plaintiff-Appellant,

v.

COLORADO DEPARTMENT OF
CORRECTIONS; PEGGY HEIL, Ex-
Director of SOTMP, Office of Legal
Affairs, in her individual and official
capacity; JOE STOMMEL, Director of
SOTMP, Office of Legal Affairs, in his
individual and official capacity;
RICHARD G. LINS, Therapist SOTMP,
Office of Legal Affairs, in his individual
and official capacity,

     Defendants-Appellees.

No. 07-1400

(D.C. No. 05-cv-0175-REB-BNB)
(D. Colorado)

---

**ORDER AND JUDGMENT**[*]

---

Before **BRISCOE, McKAY,** and **McCONNELL**, Circuit Judges.

---

After examining the briefs and the appellate record, this panel has determined that

oral argument would not materially assist in the determination of this appeal. *See* Fed. R.

---

[*] This order and judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

App. P. 34(a)(2); 10th Cir. R. 34.1(G). This case is therefore ordered submitted without oral argument.

Dale Allen Hunt, a Colorado prisoner appearing pro se, appeals the district court's dismissal of his suit filed under 42 U.S.C. § 1983 for claimed violations of his due process rights. We exercise jurisdiction pursuant to 28 U.S.C. § 1291 and affirm in part, reverse in part, and remand for further proceedings.

In September 2000, Mr. Hunt pleaded guilty in Colorado state court to one count of sexual assault and was sentenced to an indeterminate term of four years to life in prison. Under Colorado law, a sex offender is only eligible for parole after successfully progressing through "appropriate" treatment as part of his or her sentence. Colo. Rev. Stat. § 16-11.7-105. This requires participation and successful completion of the two phase Sex Offender Treatment and Monitoring Program (SOTMP). According to his complaint, Mr. Hunt began Phase I of his treatment in April of 2002 and progressed to Phase II that October. But two weeks after beginning Phase II, SOTMP administrators expelled Mr. Hunt from the program because of his "denial of being a sex offender; persistent minimization of the sex offense; denial or severe minimization of problem areas and/or patterns of behavior; and failure to comply with any conditions of the [SOTMP Phase II] contract." He was not afforded the opportunity to challenge the basis for his termination and his requests to be readmitted into the program were denied. Mr. Hunt was ultimately allowed to re-enter the program in January of 2007, but at Phase I rather than Phase II.

Mr. Hunt filed this complaint in March 2005, naming as defendants the Colorado Department of Corrections' (CDOC), as well as Peggy Heil, the ex-director of the SOTMP, Joe Strommel, the current director of the SOTMP, and Richard Lins, a therapist at the SOTMP, in their individual and official capacities. He claimed that his removal from Phase II of the SOTMP violated the Eighth Amendment and infringed his right to Due Process guaranteed by the Fourteenth Amendment. The district court dismissed his complaint for failure to exhaust administrative remedies. We reversed in part, holding that Mr. Hunt had exhausted his administrative remedies for his due process claims, but affirmed the district court's dismissal of his Eighth Amendment claim, finding that he had failed to state a claim upon which relief could be granted. *See Hunt v. Colo. Dept. of Corrections*, 194 Fed. Appx. 492 (10th Cir. 2006).

The district court then reviewed his remaining claims for violations of his substantive and procedural due process rights based on (1) his termination from Phase II of the SOTMP; (2) the refusal to readmit him into Phase II; and (3) the denial of his release on parole. He sought release on parole, an injunction requiring sex offender treatment, and compensatory, punitive, and nominal damages. On remand, the district court granted summary judgment against Mr. Hunt as to his due process claims, finding that (1) Mr. Hunt's request for release on parole is not cognizable under 42 U.S.C. § 1983; (2) the Eleventh Amendment bars Mr. Hunt's claim against the Department of Corrections; (3) the individuals named in his complaint are protected by qualified immunity; and (4) Mr. Hunt's readmission into Phase I rendered any claims for

3

prospective relief moot.

We review a district court's grant of summary judgment de novo. *Jones v. Salt Lake County*, 503 F.3d 1147, 1152 (10th Cir. 2007). Summary judgment should be granted where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In reviewing a motion for summary judgment, we "construe all facts and make reasonable inferences in the light most favorable to the nonmoving party." *Mincin v. Vail Holdings, Inc.*, 308 F.3d 1105, 1108 (10th Cir. 2002). But while we construe the pleadings of a pro se plaintiff liberally, this court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

Mr. Hunt appeals only the district court's denial of injunctive relief, leaving the district court's dismissal of his claims for damages and request for release on parole unchallenged. The sole argument he makes to this court is that he should be placed in Phase II of the SOTMP and that his readmission at Phase I does not render his claim moot. We have reviewed the parties' filings with this court and the complete record on appeal and conclude that the district court erred in dismissing Mr. Hunt's claim for prospective injunctive relief against Defendants Strommel and Lins.

We first consider the Colorado Department of Corrections' (CDOC) claim of a lack of federal subject matter jurisdiction because of immunity under the Eleventh

4

Amendment to the United States Constitution. *See Thompson v. State of Colorado*, 258 F.3d 1241, 1245 (10th Cir. 2001). The Eleventh Amendment provides that "[t]he judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. It is well established that under the Eleventh Amendment, sovereign immunity prohibits federal courts from entertaining suits against states brought by their own citizens or citizens of another state without their consent. *Port Auth. Trans-Hudson Corp. v. Feeney*, 495 U.S. 299, 304 (1990). This rule extends to state agencies functioning as an arm of the state. *Mt. Healthy City Bd. of Ed. v. Doyle*, 429 U.S. 274, 280 (1977). The Eleventh Amendment is not without exceptions, however, as pursuant to its powers under Section Five of the Fourteenth Amendment, Congress may enact a statute abrogating a state's Eleventh Amendment immunity if the text of the statute explicitly manifests a desire to do so. *Fitzpatrick v. Bitzer*, 427 U.S. 445 (1976). A state may also waive its Eleventh Amendment immunity through a clear expression of its intent to waive. *Edelman v. Jordan*, 415 U.S. 651, 673 (1974). But Congress did not abrogate Eleventh Amendment immunity through Section 1983, *Quern v. Jordan*, 440 U.S. 332, 345 (1979), and the CDOC is an agency of the State of Colorado that has not expressly waived its sovereign immunity. *See Griess v. Colorado*, 841 F.2d 1042, 1044-45 (10th Cir. 1988). Accordingly, Mr. Hunt's claim against the CDOC is barred as a matter of law.

Mr. Hunt also asserts claims against defendants Heil, Strommel, and Lins for

actions taken in their official capacities as prison administrators. While suits filed against public officials for actions taken pursuant to their official duties are effectively suits against the state entity itself, the Supreme Court has recognized an exception to the Eleventh Amendment for such actions where a plaintiff is seeking prospective enforcement of their federal rights. *See Ex parte Young*, 209 U.S. 123, 159-60 (1908). But *Young* and its progeny make clear that this exception "may not be used to obtain a declaration that a state officer has violated a plaintiff's federal rights in the past" or as a means for seeking money damages. *Buchwald v. University of New Mexico School of Medicine*, 159 F.3d 487, 495 (10th Cir. 1998) (citations and quotations omitted). So while the Eleventh Amendment bars claims against the three named individuals for money damages and relief for prior acts, Mr. Hunt may seek to vindicate his federal rights through a request for prospective injunctive relief.

Mr. Hunt seeks an injunction placing him in Phase II of the SOTMP. The district court found that this claim was rendered moot by his readmission to the SOTMP at Phase I. We disagree. Without commenting on the merits of Mr. Hunt's claim, the relief he requested differs from the accommodation he has been afforded. There is a difference between Phase I and Phase II placement, and the liberty interest Mr. Hunt claims entitlement to is Phase II placement. His claim is not moot. Hence we must reverse and remand for further proceedings on his due process claim seeking injunctive relief.

As Mr. Hunt may only pursue prospective injunctive relief, however, we must dismiss his claim against Defendant Heil. She is the ex-director of SOTMP and no longer

has the authority to provide him with the relief of reinstatement into Phase II of the SOTMP. This makes his claim with respect to Defendant Heil moot.

Defendants Strommel and Lins assert a qualified immunity defense to Mr. Hunt's this claim for prospective injunctive relief, claiming an exemption as government officers from having "to stand trial or face the other burdens of litigation." *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985). But the privilege is limited to claims against officers acting in their individual capacities for money damages. *Hammons v. Saffle*, 348 F.3d 1250, 1257 (10th Cir. 2003). All such claims have been dismissed.

Accordingly, we AFFIRM the district court's dismissal of Mr. Hunt's claims against the CDOC and Defendant Heil. But we REVERSE and REMAND to the district court for further proceedings regarding his due process claims brought against Defendants Lins and Strommel for the injunctive relief of placement in Phase II of the SOTMP program.

Entered for the Court,


Mary Beck Briscoe
Circuit Judge

7