FILED
United States Court of Appeals
Tenth Circuit

February 11, 2015

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

JOSE A. DIAZ,

        Plaintiff - Appellant,

v.

JILL LAMPELA; BRANDON
SHAFFER,

        Defendants - Appellees.

No. 14-1106
(D.C. No. 1:13-CV-01098-WJM-MJW)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **HARTZ**, **McKAY**, and **McHUGH**, Circuit Judges.

Plaintiff Jose A. Diaz is a Colorado sex offender sentenced to a term of eight

years to life under the indeterminate sentencing scheme for sex offenses set out in the

Colorado Sex Offender Lifetime Supervision Act of 1968 (SOLSA), Colo. Rev. Stat.

§§ 18-1.3-1001 to 1012.  After he was denied parole at the minimum eight-year mark

and his application for re-entry into a sex-offender treatment and management

---

[*]     After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of this
appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore
ordered submitted without oral argument.  This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel.  It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

program (SOTMP) was rejected, Mr. Diaz brought this official-capacity civil rights action under 42 U.S.C. § 1983 for equitable relief against the Chairman of the Parole Board (currently Brandon Shaffer) and the Chief of Behavioral Health for the Colorado Department of Corrections (currently Jill Lampela). The district court granted defendants' motion to dismiss and this appeal followed. On de novo review, *see Gee v. Pacheco*, 627 F.3d 1178, 1183 (10th Cir. 2010), we affirm.

## I. BACKGROUND

We accept the following allegations of fact—as opposed to bare conclusions of law—as true for purposes of our review. *See Bixler v. Foster*, 596 F.3d 751, 756 (10th Cir. 2010). In 2002, Mr. Diaz pleaded guilty to a class IV felony sex offense and received the indeterminate sentence noted above.[1] Upon his incarceration he completed the first phase of the SOTMP, but was terminated (i.e., given a "time out" in order to "help understand his issues") from the second phase in 2010 for behavior not specified in the complaint. R. Vol. 1 at 11 par. 22.

In January 2012, Mr. Diaz obtained an independent psychosexual evaluation from a clinical psychologist, who diagnosed him as a pedophiliac and stated that he requires treatment for the condition. The psychologist recommended the Colorado

---

[1]     Under the SOLSA scheme, sex offenders receive an indeterminate sentence with a minimum term of years (which is tied to the presumptive sentencing range for the felony level of the offense) and a maximum term of life. *See Vensor v. People*, 151 P.3d 1274, 1276 (Colo. 2007) (discussing Colo. Rev. Stat. § 18-1.3-1004(1)(a)). After completion of the minimum term, implementation of the remainder is left to the discretion of the parole board. *See id.* (discussing Colo. Rev. Stat. § 18-1.3-1006(1)).

Institute for Mental Health in Pueblo, Colorado, because the Colorado Department of Corrections (CDOC) lacked phalometric assessment facilities. Mr. Diaz relied on this evaluation to request readmission to the SOTMP to improve, manage, or control his condition. CDOC officials sent him an application, which he completed and returned in August 2012. After a month without a response, he filed a grievance, requesting readmission to the SOTMP as well as treatment at the Institute in Pueblo. The grievance alleged that the refusal of treatment, and continued incarceration without treatment based on the status of being a pedophile, violated his rights under the Eighth Amendment. The grievance was denied on the grounds that he had not used the correct application form for readmission to the SOTMP and had otherwise not proved his allegations.

In the meantime, Mr. Diaz appeared before the parole board, which deferred action on parole for risk-related reasons notwithstanding the fact that it rated him "Very Low" on a risk-assessment scale. The two risk categories the parole board relied on were "Severity/Circumstances of offense" and "Prior criminal history." Mr. Diaz alleges that denying parole on these grounds is impermissible as added punishment for the underlying offense and as punishment for his mental condition/status. He also alleges that such grounds are outside the criteria the parole board may properly consider under state law governing offenders sentenced under SOLSA.

The complaint asserts five claims. Two are directed at the CDOC through defendant Lampela: (1) failure to provide treatment for his pedophilia, in violation of Eighth Amendment strictures regarding medical care of inmates; and (2) imprisonment, without adequate treatment, for the condition or status of being a pedophile predisposed to commit sex offenses, in violation of the Eighth Amendment prohibition on cruel and unusual punishment. The remaining three claims are directed at the parole board through defendant Shaffer: (1) promulgation and application of policies that inflict added punishment on sex offenders, including Mr. Diaz, without a judicial trial, in violation of the Bill of Attainder Clause, U.S. Const. art. I, § 10, cl. 1; (2) imprisonment, through denial of parole, for the condition or status of being a sex-offending pedophile predisposed to commit sex offenses, in violation of the Eighth Amendment; and (3) denial of parole under the wrong standards or criteria prescribed by state law, in violation of the Due Process Clause of the Fourteenth Amendment. For relief, Mr. Diaz sought a declaration that CDOC and parole board policy violated his constitutional rights; an order requiring his readmission to the SOTMP and specialized treatment for his pedophilia; and an order directing the parole board to apply the proper criteria, excluding punishment as a consideration, at a parole hearing to be scheduled forthwith.[2]

---

[2] While Mr. Diaz may proceed under 42 U.S.C. § 1983 in challenging parole procedures, to the extent he "challenge[s] a constitutional defect in an individual parole hearing, where the remedy lies in providing a new parole hearing, [he] must file a habeas petition." *Herrera v. Harkins*, 949 F.2d 1096, 1097 (10th Cir. 1991).

(continued)

- 4 -

## II. LEGAL ANALYSIS

### A. Eighth Amendment Claim against CDOC for Inadequate Medical Care

The Eighth Amendment prohibition on cruel and unusual punishment applies to officials' "deliberate indifference to serious medical needs of prisoners." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). We recently summarized the two-prong framework for analyzing deliberate-indifference claims in *Al-Turki v. Robinson*, 762 F.3d 1188 (10th Cir. 2014):

> A claim of deliberate indifference includes both an objective and subjective component. The objective prong of the deliberate indifference test examines whether the prisoner's medical condition was sufficiently serious to be cognizable under the Cruel and Unusual Punishment Clause. The subjective prong examines the state of mind of the defendant, asking whether the official knew of and disregarded an excessive risk to inmate health or safety.

*Id.* at 1192 (brackets, citations, and internal quotation marks omitted).

The district court rejected Mr. Diaz's deliberate-indifference claim under the objective prong, holding that his pedophilia did not present a serious medical need. "A medical need is considered sufficiently serious to satisfy the objective prong if the condition has been diagnosed by a physician as mandating treatment or is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Id.* at 1192-93 (internal quotation marks omitted). The district court concluded that "although [Mr. Diaz] has been diagnosed as having the mental condition of

---

His request for an order requiring a new parole hearing forthwith is thus beyond the scope of this civil-rights action. *See id.* at 1098.

- 5 -

pedophilia, treatment for his pedophilia has not been mandated," citing Mr. Diaz's allegation that the clinical psychologist had only "recommend[ed]" treatment at the Colorado Institute for Mental Health in Pueblo. R. Vol. 1 at 147. But even though Mr. Diaz alleged that that particular treatment had only been recommended, he also alleged that the psychologist indicated more generally that his condition "requires treatment." *Id.* at 11.

We nevertheless agree that the deliberate-indifference claim fails on the objective prong. Mr. Diaz alleged that his readmission to the SOTMP was denied because he used the wrong application, not because he was irrevocably denied access to the program. His claim is properly analyzed as a delay in treatment. To state such a claim, he must allege that the delay has caused or will cause "substantial harm," such as "lifelong handicap, permanent loss, or considerable pain." *Al-Turki*, 762 F.3d at 1193 (internal quotation marks omitted); *see also Riddle v. Mondragon*, 83 F.3d 1197, 1202 (10th Cir. 1996) (noting psychiatric treatment may be constitutionally mandated if a serious condition "is curable or may be substantially alleviated" and "the potential for harm to the prisoner by reason of delay or the denial of care would be substantial" (internal quotation marks omitted)). With respect to medical consequences of the lack of treatment, the complaint alleges only that it has been a "detriment" to his "well being." R. Vol. 1 at 16. Such a vague and conclusory allegation does not suffice to state an Eighth Amendment claim. *See Riddle*, 83 F.3d at 1204 (holding that sex offender's "[v]ague allegations of eroded

self-esteem, apathy, fear and feelings of differentness . . . do not amount to the basis for a [deliberate indifference] claim" regarding lack of treatment for sexual disorder). Mr. Diaz also alleges his condition predisposes him to commit sex offenses, but that is a potential harm to others, not to himself. Although this predisposition may also impact his parole prospects, we address that nonmedical concern in the next section below.

We also think dismissal of this claim is proper under the subjective prong. The complaint indicates that Mr. Diaz's own conduct necessitated his removal from the SOTMP and that his readmission to the program has been impeded by his failure to properly apply. Nothing in the complaint suggests that his removal from the program was for any reason other than that his conduct indicated a suspension of treatment for a period of self-examination was warranted. Mr. Diaz does not allege that this judgment about the appropriateness of ongoing treatment in light of his conduct was incorrect or negligent, much less that it rose to the level of deliberate indifference. *See generally Estelle*, 429 U.S. at 107 (distinguishing disputed treatment decisions and even malpractice from deliberate indifference required for Eighth Amendment claim). As for readmission to the program, he does not allege that he was incorrectly rejected for using the wrong application, let alone provide

facts plausibly suggesting that an unjustified denial of his application constituted a subjective deliberate indifference to his medical needs.[3]

## B. Eighth Amendment Claim for Lack of Treatment for Condition Underlying Continued Incarceration under SOLSA

Mr. Diaz claims that CDOC's failure to treat his pedophilia violated his Eighth Amendment rights for another reason as well. His argument runs as follows: the focus of his prolonged incarceration under SOLSA beyond the minimum term of his indeterminate sentence is on his propensity to re-offend arising from his pedophilia; consequently, the failure to treat this condition while continuing his confinement is cruel and unusual punishment.

This court has previously rejected (albeit in an unpublished decision) the tacit legal premise of this argument—that is, that when a psychological condition could impact a prisoner's parole, treatment is mandated by the Eighth Amendment even if the condition would not otherwise require treatment as a serious medical need. *See Hunt v. Colo. Dep't of Corr.*, 194 F. App'x 492, 495 (10th Cir. 2006). But we need not rely on that analysis. As we have already noted, the SOTMP has been made available to Mr. Diaz; it appears from the complaint that his current nonparticipation in the program is attributable to his own conduct.

---

[3] He does allege that he used an application provided by CDOC staff, but there is no allegation that any mistake in this regard was an intentional effort to impede his readmission into the SOTMP. Nor does he allege that he has since properly applied for readmission and still been rejected.

## C.  Eighth Amendment Claim for Punishment Based on Status or Propensity

In a related claim brought against the parole board, Mr. Diaz contends that his continued confinement following the denial of parole constitutes cruel and unusual punishment for his mere status as a pedophile with a propensity to commit future sex offenses.  It is true that punitive incarceration solely on the basis of a person's status or propensities violates the Eighth Amendment.  *See United States v. Munro*, 394 F.3d 865, 872 (10th Cir. 2005) (discussing *Robinson v. California*, 370 U.S. 660 (1962)).  But we are not addressing a sentence imposed on such grounds; Mr. Diaz's indeterminate sentence was imposed for his commission of a criminal offense.  We are addressing the discretionary denial of parole, which merely continues punishment already imposed for the underlying offense and does not itself implicate the Eighth Amendment.  *See Lustgarden v. Gunter*, 966 F.2d 552, 555 (10th Cir. 1992).

## D.  Bill of Attainder Claim

The constitution prohibits states from passing "Bill[s] of Attainder."  U.S. Const. art. I, § 10, cl. 1.  A Bill of Attainder "legislatively determines guilt and inflicts punishment upon an identifiable individual without provision of the protections of a judicial trial."  *Nixon v. Adm'r of Gen. Servs.*, 433 U.S. 425, 468 (1977).  The Bill of Attainder Clause "prohibit[s] legislatures from singling out disfavored persons and meting out summary punishment for past conduct."  *Landgraf v. USI Film Prods.*, 511 U.S. 244, 266 (1994).  Mr. Diaz claims that the parole board violated this constitutional prohibition by denying him parole for reasons, regarding

the seriousness of his underlying offense, that SOLSA excludes from the parole board's consideration.

This claim fails for at least two reasons. First, a parole determination is an executive adjudication, not a legislative enactment. Indeed, Mr. Diaz's objection to the parole board's decision is that it was *in contravention* of the controlling legislative enactment (SOLSA).

Second, Mr. Diaz's incarceration following the discretionary denial of parole is not a new punishment meted out by the parole board. It simply continues the punishment previously imposed by the court that sentenced him for the underlying offense. *See Mahn v. Gunter*, 978 F.2d 599, 602 n.7 (10th Cir. 1992) (discretionary denial of parole in Colorado does not impose additional punishment, because it "does not change the length of a prisoner's sentence"); *cf. Malek v. Haun*, 26 F.3d 1013, 1016 (10th Cir. 1994) (when parole is discretionary, "the denial of parole . . . [cannot] constitute cruel and unusual punishment, double jeopardy, or ex post facto application of the law").

## E. Due-Process Claim

Mr. Diaz contends that the parole board's consideration of a sex offender's underlying offense in connection with parole is prohibited by SOLSA and that the board violated (and will continue to violate) his due-process rights by doing so. But a due-process claim could arise here only if Mr. Diaz had a cognizable liberty interest in securing parole. He does not.

"Whatever liberty interest exists is, of course, a *state* interest created by [state] law. There is no right under the Federal Constitution to be conditionally released before the expiration of a valid sentence, and the States are under no duty to offer parole to their prisoners." *Swarthout v. Cooke*, 131 S. Ct. 859, 862 (2011) (per curiam). The question, then, is whether state law affords the prisoner a legitimate claim of entitlement to parole or instead has left the determination of parole to the discretion of the parole board. *See Straley v. Utah Bd. of Pardons*, 582 F.3d 1208, 1212-14 (10th Cir. 2009). SOLSA leaves it to the parole board "to determine whether the sex offender *may* be released on parole," Colo. Rev. Stat. § 18-1.3-1006(1)(a) (emphasis added), and the Colorado Supreme Court has recognized that this provision "assigns discretion to the parole board to release [an offender]," *Vensor*, 151 P.3d at 1276; *see also Lustgarden*, 966 F.2d at 553 (state court's interpretation of parole statute as discretionary is "controlling in federal court"). SOLSA does not create a liberty interest in parole of sex offenders.[4]

Mr. Diaz has argued at length that SOLSA has a rehabilitative purpose and that the parole board contravenes this purpose in violation of due process by considering, in allegedly punitive fashion, a sex offender's underlying offense in deciding whether to grant parole. Defendants have argued at length to the contrary. But as we have already concluded that due process is not implicated in the denial of parole under

---

[4] While its unpublished decision is not binding on us, we note that another panel of this court reached the same conclusion for much the same reasons in *Jago v. Ortiz*, 245 F. App'x 794, 796-97 (10th Cir. 2007).

SOLSA, we need not address the point. Without that asserted constitutional dimension, the dispute over the parole board's understanding and implementation of SOLSA is merely a matter of state law. "An action under § 1983 . . . cannot be maintained on the basis of alleged violations of state law." *Cardoso v. Calbone*, 490 F.3d 1194, 1197 (10th Cir. 2007) (internal quotation marks omitted).

The judgment of the district court is affirmed. Mr. Diaz's motion to certify questions of state law is denied.

Entered for the Court


Harris L Hartz
Circuit Judge