FILED
United States Court of Appeals
Tenth Circuit

May 7, 2015

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

WESLEY BERNARD WILLIAMS,

  Plaintiff - Appellant,

v.

DAVID ALLRED,

  Defendant - Appellee.

No. 14-1498
(D.C. No. 1:13-CV-03420-RBJ-BNB)
(D. Colo.)

ORDER AND JUDGMENT[*]

Before **BRISCOE**, Chief Judge, **LUCERO** and **MATHESON**, Circuit Judges.

Wesley Bernard Williams, a federal prisoner proceeding pro se, appeals the

district court's order dismissing his claims against a prison physician. He alleged

that (1) Dr. Allred was deliberately indifferent to his serious medical needs in

violation of the Eighth Amendment, and (2) Dr. Allred retaliated against him for

filing prison grievances in violation of the First Amendment. He seeks leave to

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of this
appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

proceed *in forma pauperis* ("*ifp*"). Exercising jurisdiction under 28 U.S.C. § 1291, we grant *ifp* and affirm.

## I.  BACKGROUND

Mr. Williams's claims arose during his incarceration at the federal penitentiary in Florence, Colorado. The magistrate judge chronicled the medical care provided to Mr. Williams for his scalp condition beginning in July 2009 at other federal prisons. He was prescribed Ketoconazole shampoo, among other treatments. After his transfer to Florence on August 30, 2012, he filed a grievance to get a refill for Ketoconazole shampoo. The warden resolved the October 2012 grievance by having the prescription refilled and noting that Mr. Williams had not mentioned at intake that his prescription was running low.

On December 6, 2012, Mr. Williams requested another prescription refill. The prescription did not expire until December 11, 2012. Dr. Allred denied further refills until Mr. Williams appeared for a sick call. On December 17, 2012, Mr. Williams filed a grievance because his prescription had not been refilled. The warden responded on January 15, 2013, stating that Mr. Williams would have to be examined before another refill would be authorized and that he had been scheduled for an exam.

On January 25, 2013, Nurse Kellar examined Mr. Williams and recommended selenium sulfide lotion for his scalp condition. He advised Mr. Williams to follow up at sick call as needed. On February 14, 2013, Dr. Allred examined Mr. Williams in

his cell in the special housing unit. An assistant apparently accompanied him because his report states, "NO scalp lesions were noted by two examiners." R. Doc. 1 at 65. Dr. Allred observed no dandruff, flaking, scaling, excoriations, blood, lesions, or bumps. He noted that Mr. Williams had recently purchased medicated shampoo and conditioner. Accordingly, he found no need for Ketoconazole and declined to renew the prescription. Dr. Allred instructed Mr. Williams to "Follow-up at Sick Call as Needed, Return Immediately if Condition Worsens, [and] Return to Sick Call if Not Improved." *Id.*

After exhausting the prison grievance procedure, Mr. Williams filed suit, alleging Dr. Allred was deliberately indifferent to his serious medical needs because he refused to prescribe Ketoconazole shampoo. He also alleged Dr. Allred refused to prescribe Ketoconazole shampoo in retaliation for the prison grievances he had filed. Dr. Allred moved to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6). The district court adopted the magistrate judge's recommendation to grant the motion.

## II. **STANDARD OF REVIEW**

We review de novo the district court's Rule 12(b)(6) dismissal. *Christy Sports, LLC v. Deer Valley Resort Co.*, 555 F.3d 1188, 1191 (10th Cir. 2009). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544,

570 (2007)).  "[W]e assume the factual allegations are true and ask whether it is plausible that the plaintiff is entitled to relief."  *Gallagher v. Shelton*, 587 F.3d 1063, 1068 (10th Cir. 2009).  "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Iqbal*, 556 U.S. at 678.[1]

We have liberally construed Mr. Williams's pro se filings.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam).  Even so, "this court has repeatedly insisted that pro se parties follow the same rules of procedure that govern other litigants."  *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (brackets and internal quotation marks omitted).

### III. **DELIBERATE INDIFFERENCE**

To state an Eighth Amendment claim for deliberate indifference, Mr. Williams must show "deliberate indifference to [his] serious medical needs."  *Al-Turki v. Robinson*, 762 F.3d 1188, 1192 (10th Cir. 2014) (internal quotation marks omitted).

---

[1] Dismissal of a pro se complaint for failure to state a claim "without affording the plaintiff notice or an opportunity to amend is proper only when it is patently obvious that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile."  *Curley v. Perry*, 246 F.3d 1278, 1281-82 (10th Cir. 2001) (internal quotation marks omitted).  For the reasons discussed herein, it is plain that Mr. Williams cannot prevail, so amendment would be futile.  Moreover, although Mr. Williams has cited case law about providing an opportunity to amend, he does not show or claim he could successfully amend his complaint.

A deliberate indifference claim includes: (1) an objective component, which "examines whether the prisoner's medical condition was sufficiently serious to be cognizable under the Cruel and Unusual Punishment Clause," and (2) a subjective component, which "examines the state of mind of the defendant, asking whether the official knew of and disregarded an excessive risk to inmate health or safety." *Id.* (brackets and internal quotation marks omitted). "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Self v. Crum,* 439 F.3d 1227, 1231 (10th Cir. 2006) (internal quotation marks omitted).

Mr. Williams's allegations as to the subjective component fail the plausibility test. We need not address the objective component. *See, e.g., Martinez v. Beggs,* 563 F.3d 1082, 1089-91 (10th Cir. 2009) (holding even though the objective component was satisfied, subjective component was not; thus plaintiff had not demonstrated deliberate indifference).

A. *Subjective Reasonableness*

Mr. Williams argues that Dr. Allred's refusal to renew his prescription was subjectively unreasonable because (1) his medical records demonstrated the seriousness of his scalp condition, and (2) three weeks before Dr. Allred's examination, Nurse Kellar recommended selenium sulfide lotion to treat his scalp. But Dr. Allred's decision to examine Mr. Williams's scalp was not unreasonable. Until Nurse Kellar examined him in late January 2013, 19 months had elapsed since

his last scalp evaluation and, as the physician who had been asked to prescribe Ketoconazole shampoo, Dr. Allred made a reasonable and responsible decision to examine him to determine whether a new prescription was warranted. Indeed, that decision indicated he did not disregard an excessive risk to Mr. Williams's health.[2]

## B. *Dr. Allred's Medical Reports*

Mr. Williams also asserts Dr. Allred fabricated his medical reports. He contends Dr. Allred invented the need for an examination based on a limited description of his scalp condition in the records, even though the records contained ample information about his scalp condition. In addition, Mr. Williams claims Dr. Allred falsified the report of his examination, as evidenced by the conflicting findings of Dr. Allred and Nurse Kellar.

Mr. Williams refers to the documents he attached to his complaint, which we may consider. *Farrell-Cooper Mining Co. v. U.S. Dep't of Interior*, 728 F.3d 1229, 1237 n.6 (10th Cir. 2013). Although he does not specify which documents support his arguments, and although the court has no duty to construct arguments for a pro se litigant or to search the record, *Garrett*, 425 F.3d at 840, we have reviewed the attachments. They demonstrate that, although Mr. Williams had received regular

---

[2] Mr. Williams argues on appeal that a medical examination was required within 14 days of his arrival at Florence, presumably by Dr. Allred. Because he did not raise this claim in the district court, we do not consider it. *See United States v. Muhammad*, 747 F.3d 1234, 1241 (10th Cir.) ("By not raising arguments on the other factors in district court, Defendant waived them and we need not consider them further."), *cert. denied*, 134 S. Ct. 2741 (2014).

- 6 -

medical care for his scalp condition, he had not been examined for 19 months. Even if the medical records had reflected a recent examination, we would decline to hold that Dr. Allred's decision to examine Mr. Williams before prescribing medication demonstrated deliberate indifference. It instead demonstrated due diligence.

As for conflicts between Dr. Allred's findings and Nurse Kellar's, the latter noted skin lesions, while Dr. Allred did not. He found "Skin Intact, Dry, Warmth," with no tenderness, drainage, follicular lesions, scabs, or bleeding. R. Doc. 1 at 67. He observed a very dry scalp with flaking skin. Although the two reports reflect some differences, Dr. Allred examined Mr. Williams several weeks after Nurse Kellar did, and noted that the condition was "resolved," suggesting improvement after Nurse Kellar saw him and recommended selenium sulfide lotion. *See id.* Doc. 1 at 65. Moreover, Mr. Williams has not indicated whether he followed the advice of both Dr. Allred and Nurse Kellar to return to the clinic if his condition worsened.

## C. *Disagreement About Treatment*

Dr. Allred examined Mr. Williams on February 14, 2013, and opined that he no longer needed the Ketoconazole shampoo. Although Mr. Williams disagrees with Dr. Allred's opinion, his "case boils down to a contention that he had a right to a particular course of treatment." *Callahan v. Poppell*, 471 F.3d 1155, 1160 (10th Cir. 2006). Such a disagreement does not state a deliberate indifference claim. *Id.*; *accord Gee v. Pacheco*, 627 F.3d 1178, 1192 (10th Cir. 2010).

\*     \*     \*     \*

Mr. Williams's conclusory allegations are insufficient and do not state a plausible claim. *See Palma-Salazar v. Davis,* 677 F.3d 1031, 1037 (10th Cir. 2012) (declining to address conclusory statements (collecting cases)). We conclude the district court properly dismissed Mr. Williams's claim of deliberate indifference.

## IV. **RETALIATION**

Mr. Williams alleges that Dr. Allred retaliated against him for filing grievances about his medical care concerning his scalp condition. Prison officials may not retaliate against prisoners for exercising their constitutional rights, including filing internal prison grievances. *See Fogle v. Pierson,* 435 F.3d 1252, 1264 (10th Cir. 2006) (action filed by a state prisoner under 42 U.S.C. § 1983). A plaintiff must show that a retaliatory motive was the "but for" reason for the adverse action, and he "must allege *specific facts* showing retaliation because of the exercise of the prisoner's constitutional rights." *Peterson v. Shanks*, 149 F.3d 1140, 1144 (10th Cir. 1998) (internal quotation marks omitted) (action filed by a state prisoner under § 1983).

Mr. Williams alleges the following demonstrate Dr. Allred's retaliatory motive: (1) Dr. Allred approved the prescription refill following Mr. Williams's October 2012 grievance but did not require an examination at that time; (2) the only reason Dr. Allred examined Mr. Williams was that he had filed grievances; and (3) the grievances made Dr. Allred aware that Mr. Williams had complained to Dr. Allred's superiors.

The attachments to the complaint demonstrate that the warden and others, not Dr. Allred, responded to the grievances. Mr. Williams has failed to allege facts showing that Dr. Allred was aware that he had filed grievances. He has failed to show the grievances provided the "but for" reason for denying the prescription refill. The district court properly dismissed the retaliation claim.[3]

## V.  CONCLUSION

We affirm the district court's judgment, grant Mr. Williams's motion to proceed *ifp*, and remind him of his obligation to continue making partial payments until the filing fee is paid in full.

ENTERED FOR THE COURT

Scott M. Matheson, Jr.
Circuit Judge

---

[3] Mr. Williams relies on *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), for his retaliation claim. We do not and need not address whether this court would recognize his claim under *Bivens* because we determine the complaint's allegations do not otherwise state a plausible retaliation claim.