**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 15, 2015**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

RONALD PLUMMER,

     Plaintiff - Appellant,

v.

LISA MCDERMOTT; DAVID ALLRED;
BRAD CINK,

     Defendants - Appellees.

No. 15-1131
(D.C. No. 1:14-CV-01203-CMA-MJW)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HARTZ**, **PORFILIO**, and **PHILLIPS**, Circuit Judges.
_____

Ronald Plummer, proceeding pro se, alleges that three officials at the federal

penitentiary in Florence, Colorado, violated his rights under the Eighth Amendment

to the United States Constitution because they provided inadequate medical care

for a hernia. The officials moved to dismiss Mr. Plummer's complaint under

Fed. R. Civ. P. 12(b)(1) and 12(b)(6), and the district court granted their motion.

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Mr. Plummer appeals the dismissal. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

At the time of the events in question, Mr. Plummer was a prisoner at the federal penitentiary in Florence, Colorado. He arrived at the penitentiary on September 13, 2012. When a mid-level provider examined him at intake, Mr. Plummer did not report any medical complaints. On October 16 he turned in a written "sick call" request advising that he needed a hernia operation because he was experiencing a lot of pain. Over the next three months, he turned in ten more sick-call requests, which contained notes such as "hurting," "in constant pain from my hernia," and "please give me something for the pain." The intervals between his requests varied from 5 to 15 days.

The prison's first response was on November 15, when a mid-level provider examined Mr. Plummer and recommended a consultation with a general surgeon. On November 23 the warden advised Mr. Plummer that the Utilization Review Committee (URC) would consider the recommendation, and on December 6 the URC approved the recommendation. On April 5, 2013, Mr. Plummer underwent surgery to correct the hernia. After the surgery he received pain medication and instructions on how to care for the surgical site.

On April 28, 2014, Mr. Plummer filed a complaint in the United States District Court for the District of Colorado, alleging Eighth Amendment violations by Lisa McDermott (the hospital administrator at the penitentiary), Dr. David Allred (the clinical director), and Brad Cink (a mid-level provider). He asserted generally that

2

they violated his constitutional rights in that (1) the prison's 31-day initial response time to his request for medical aid did not meet the standards of adequate medical care, (2) the officials' failure to respond to his requests for medical aid resulted in unnecessary and wanton infliction of pain, and (3) the officials' continued use of policies and procedures that they knew were inadequate rose to the level of deliberate indifference. The specific alleged acts of each defendant were more limited. The complaint alleged that Ms. McDermott "had a duty to provide humane conditions of confinement by insuring that prisoners received adequate medical care" and that she acted with deliberate indifference because she continued to follow the policies and procedures in place at the prison, even after repeated complaints and incidents showed they were inadequate. R. at 13. It alleged that Dr. Allred sat on the URC and "personally determined that [Mr. Plummer] should see an 'outside' doctor for his hernia," yet "absolutely nothing" was done to treat him or address his pain. R. at 16. And it alleged that Mr. Cink "ignored and failed to respond to [Mr. Plummer's] reported pain and medical needs" despite his requests "to be given something, i.e. pain medication." R. at 15.

We review de novo the district court's dismissal of Mr. Plummer's complaint, accepting all well-pleaded factual allegations as true. *Howard v. Waide*, 534 F.3d 1227, 1242–43 (10th Cir. 2008). Because Mr. Plummer is proceeding pro se, "we construe his pleadings liberally." *Ledbetter v. City of Topeka*, 318 F.3d 1183, 1187 (10th Cir. 2003). We do not, however, "assume the role of advocate," and we "should dismiss claims which are supported only by vague and conclusory

3

allegations." *Northington v. Jackson*, 973 F.2d 1518, 1521 (10th Cir. 1992).  We make some allowances for deficiencies, such as unfamiliarity with pleading requirements, failure to cite appropriate legal authority, and confusion of legal theories.  *See Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).  But "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record."  *Id.*  And we "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf."  *Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997).

We affirm.  Mr. Plummer's appellate briefs do not challenge or even mention the district court's dismissal of his claim against Mr. Cink on the ground that he enjoys absolute immunity as a commissioned officer of the Public Health Service.  *See Hui v. Castaneda*, 559 U.S. 799, 806 (2010) (recognizing absolute immunity); *United States v. Cooper*, 654 F.3d 1104, 1128 (10th Cir. 2011) (failure to brief issue waives challenge to ruling).  And the claims against the other two defendants fail because the complaint does not adequately allege that they acted with deliberate indifference to Mr. Plummer's condition.

Prison officials have a constitutional obligation to provide medical care for those who are incarcerated.  *See Ramos v. Lamm*, 639 F.2d 559, 574 (10th Cir. 1980).  "Prison officials violate the Eighth Amendment's prohibition against cruel and unusual punishment when they act deliberately and indifferently to serious medical needs of prisoners in their custody."  *Hunt v. Uphoff*, 199 F.3d 1220, 1224 (10th Cir.

4

1999).  An Eighth Amendment claim has two components: "the objective prong of sufficiently serious deprivation and the subjective prong of deliberate indifference." *Gee v. Pacheco*, 627 F.3d 1178, 1189 (10th Cir. 2010).  To satisfy the subjective prong, the prisoner must establish that the prison official "knew of and disregarded an excessive risk to inmate health or safety."  *Al-Turki v. Robinson*, 762 F.3d 1188, 1192 (10th Cir. 2014) (brackets and internal quotation marks omitted); *see also Farmer v. Brennan*, 511 U.S. 825, 847 (1994) (the prisoner must prove the prison official was actually aware of a substantial risk of serious harm and "fail[ed] to take reasonable measures to abate it").

The allegations in Mr. Plummer's complaint were too vague and conclusory to establish that Ms. McDermott and Dr. Allred acted with a sufficiently culpable state of mind.  A myriad of things could account for the six-month delay between Mr. Plummer's demand for surgery and the operation, yet his allegations are devoid of specifics that would not only place the blame on actions by the defendants but would also demonstrate that they acted with the requisite mens rea.  Likewise, although Mr. Plummer may be alleging that his claim is based on the denial of pain medication, the complaint appears to attribute this denial to Mr. Cink, and it fails to allege how Ms. McDermott or Dr. Allred acted to prevent his receipt of medication (or so acted with deliberate indifference).

5

The judgment of the district court is AFFIRMED.  Mr. Plummer's motion to proceed on appeal without prepayment of costs or fees is GRANTED.  He is reminded of his obligation to continue making partial payments until his filing fee is paid in full.

Entered for the Court


Harris L Hartz
Circuit Judge