**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**August 12, 2014**

**Elisabeth A. Shumaker**
**Clerk of Court**

**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

HOMAIDAN AL-TURKI,

      Plaintiff - Appellee,

v.

MARY SUSAN ROBINSON, RN –
Registered Nurse, a former Nurse for
Limon Correctional facility in her
individual capacity,

      Defendant - Appellant,

   and

JOHN STIREWALT, a former Shift
Commander for Limon Correctional
Facility, in his individual capacity;
DAVID MAGGARD, a former
Corrections Officer at Limon Correctional
Facility, in his individual capacity;
HECTOR LOZANO, a former
Corrections Officer at Limon Correctional
Facility, in his individual capacity; BOB
EBERLE, a Corrections Officer at Limon
Correctional Facility, in his individual
capacity; WENDY CHATTERTON, a
Corrections Officer at Limon Correctional
Facility, in her individual capacity;
JOSEPH BALLARD, a Corrections
Officer at Limon Correctional Facility, in
his individual capacity,

      Defendants.

No. 13-1107

**APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
(D.C. No. 1:10-CV-02404-WJM-CBS)**

William A. Rogers, III (Rachel A. Morris and Brendan L. Loy with him on the briefs) of Wood, Ris & Hames, P.C., Denver, Colorado, for Defendant–Appellant.

Eric K. Klein (Gail K. Johnson and James S. Brennan with him on the brief) of Johnson & Brennan, PLLC, Boulder, Colorado, for Plaintiff–Appellee.

Before **HOLMES, McKAY,** and **BACHARACH,** Circuit Judges.

**McKAY**, Circuit Judge.

This is an interlocutory appeal from the district court's denial of qualified immunity in an Eighth Amendment case brought by a Colorado state prisoner. Plaintiff Homaidan Al-Turki filed suit under 42 U.S.C. § 1983 against several prison officials, including Defendant Mary Robinson, a prison nurse, based on these officials' failure to provide him with any type of medical evaluation or treatment while he was suffering through several hours of severe abdominal pain from what turned out to be kidney stones. The district court granted qualified immunity to the other prison officials, none of whom were medical professionals,[1] but denied Defendant Robinson's summary judgment

---

[1] The district court held that the evidence, taken in the light most favorable to Plaintiff, was sufficient to prove a constitutional violation by some of these officials. However, given the lack of clear authority in this court or a consensus view in the other circuits, the court held that these officials did not violate clearly established law by

-2-

motion for qualified immunity. Defendant then filed this interlocutory appeal. On appeal, we must decide (1) whether the hours of severe pain Plaintiff experienced constituted a sufficiently serious medical need to satisfy the objective prong of the Eighth Amendment deliberate indifference test and (2) whether Defendant's alleged actions violated clearly established law.

## I.

Because this is an interlocutory appeal from the denial of qualified immunity, "we 'take, as given, the facts that the district court assumed when it denied summary judgment.'" *Morris v. Noe*, 672 F.3d 1185, 1189 (10th Cir. 2012) (quoting *Johnson v. Jones*, 515 U.S. 304, 319 (1995)). We accordingly rely on the district court's description of the facts, taken in the light most favorable to Plaintiff, and do not reevaluate the district court's conclusion that the summary judgment record is sufficient to prove these facts. *Id.* The district court concluded the record was sufficient to prove the following facts:

At approximately 8:35 p.m. on the evening of October 5, 2008, Plaintiff suddenly began to feel severe pain in his left side and abdomen. This pain was so severe that he collapsed, vomited, and believed he was dying. Plaintiff used the intercom in his cell to contact a correctional officer. He told the officer he was experiencing severe pain and nausea, and he asked to go to the medical center. The officer called the medical center, where Defendant was the only medical staff person on duty. The officer told Defendant

_____

relying on the prison nurse's decision not to provide Plaintiff with a medical evaluation or treatment.

-3-

about Plaintiff's symptoms and request for medical attention. Defendant knew that severe abdominal pain may be a symptom of several serious and potentially life-threatening conditions. Defendant also knew that Plaintiff had Type II diabetes and that this made him more susceptible to certain serious illnesses, for some of which pain is an initial symptom. However, Defendant told the officer she would not see Plaintiff because it was too late and because Plaintiff's complaint was not an emergency.

Plaintiff reported his medical condition to a second correctional officer on two more occasions that evening, and this officer twice contacted Defendant to tell her of Plaintiff's reports of abdominal pain and requests for medical attention. Both times, Defendant refused to see Plaintiff, and she told the officer that Plaintiff should simply make a written request to be seen by medical staff the following morning. The two correctional officers each informed the shift commander of Plaintiff's complaints of pain and of Defendant's refusal to see him. The shift commander accordingly went to the medical center to meet with Defendant regarding her refusal to see Plaintiff. Defendant told the shift commander that Plaintiff's condition was not an emergency and that she was concerned Plaintiff would be an escape risk if he was transferred to an outside facility.

Plaintiff's severe pain continued, and at approximately 11:30 p.m. or 12:00 a.m., he either lost consciousness or fell asleep. When he became conscious at approximately 4:00 a.m. the next day, his pain was somewhat less severe than it had been the night before, but it was still too painful for him to stand up fully. By 6:00 a.m., Plaintiff was no longer experiencing any pain. Plaintiff was finally seen by medical staff at 10:00 a.m. that

morning, when he had a preexisting medical appointment. During his appointment, he passed two small kidney stones.

Plaintiff's medical expert testified that Plaintiff's kidney stones, like most kidney stones, were not life-threatening. However, the expert testified that kidney stones can cause very severe pain. Defendant's medical expert likewise admitted that small kidney stones can result in pain so severe that even a "big, tough football player could be laying on the floor writhing in pain." (Supplemental App. at 14.) Plaintiff presented evidence that the pain he suffered was so severe that he collapsed, vomited, and believed he was dying. Plaintiff also presented expert testimony that prompt medical attention can diminish both the severity and the duration of pain from kidney stones.

Based on all of this evidence, the district court concluded Plaintiff could prove a claim of deliberate indifference to medical needs in violation of the Eighth Amendment. The court also concluded the law in this circuit has been clearly "established since at least 2006 that a medical professional who knows of and appreciates an inmate's serious risk of medical harm must make a good faith effort to assess him in order to escape a claim for deliberate indifference." (App. at 165-66.) The district court accordingly denied Defendant's summary judgment motion for qualified immunity. Defendant then filed this interlocutory appeal, in which she raises two issues: (1) whether the evidence identified by the district court is sufficient to satisfy the objective prong of the Eighth Amendment deliberate indifference test; and (2) whether her alleged actions violated clearly established law.

## II.

We review the district court's denial of summary judgment on qualified immunity grounds de novo, with our review limited to purely legal issues. *Morris*, 672 F.3d at 1189. Based on the facts identified by the district court, we thus consider de novo the purely legal questions of "whether the facts that the district court ruled a reasonable jury could find would suffice to show a legal violation" and "whether that law was clearly established at the time of the alleged violation." *Allstate Sweeping, LLC v. Black*, 706 F.3d 1261, 1267 (10th Cir. 2013).

The Supreme Court has held that the Eighth Amendment's prohibition against cruel and unusual punishment extends to "the unnecessary and wanton infliction of pain" caused by prison officials' "deliberate indifference to serious medical needs of prisoners." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (internal quotation marks omitted). A claim of deliberate indifference includes both an objective and a subjective component. *Mata v. Saiz*, 427 F.3d 745, 751 (10th Cir. 2005). The objective prong of the deliberate indifference test examines whether the prisoner's medical condition was "'sufficiently serious' to be cognizable under the Cruel and Unusual Punishment Clause." *Id.* at 753. The subjective prong examines the state of mind of the defendant, asking whether "the official kn[e]w of and disregard[ed] an excessive risk to inmate health or safety." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). In this appeal, only the objective prong is at issue.

A medical need is considered sufficiently serious to satisfy the objective prong if the condition "has been diagnosed by a physician as mandating treatment or is so obvious

that even a lay person would easily recognize the necessity for a doctor's attention."

*Oxendine v. Kaplan*, 241 F.3d 1272, 1276 (10th Cir. 2001) (internal quotation marks and ellipses omitted). Where a prisoner claims that harm was caused by a delay in medical treatment, he must "show that the delay resulted in substantial harm" in order to satisfy the objective prong of the deliberate indifference test. *Id.* "We have held that the substantial harm requirement may be satisfied by lifelong handicap, permanent loss, or considerable pain." *Garrett v. Stratman*, 254 F.3d 946, 950 (10th Cir. 2001). Thus, the "substantial harm" caused by a delay in treatment may be a permanent physical injury, or it may be "an intermediate injury, such as the pain experienced while waiting for treatment and analgesics." *Kikumura v. Osagie*, 461 F.3d 1269, 1292 (10th Cir. 2006). "Although 'not every twinge of pain suffered as a result of delay in medical care is actionable,' when the pain experienced during the delay is substantial, the prisoner 'sufficiently establishes the objective element of the deliberate indifference test.'" *Id.* (quoting *Sealock v. Colorado*, 218 F.3d 1205, 1210 (10th Cir. 2000)).

Defendant argues that Plaintiff's hours of severe abdominal pain in this case are not sufficient to establish the objective element of the deliberate indifference test. While she concedes his severe pain must have been "unpleasant," she argues this "unpleasantness" does not give rise to an Eighth Amendment claim because Plaintiff's pain was caused by a relatively benign health condition, it only lasted for a total of approximately five hours, and it would only have been reduced or shortened, not entirely eliminated, by medical treatment. (Appellant's Opening Br. at 18.)

We find Defendant's arguments unpersuasive. The point of the objective prong of the deliberate indifference test is to "limit claims to significant, as opposed to trivial, suffering." *Mata*, 427 F.3d at 753. Regardless of the relatively benign cause of Plaintiff's pain, the facts taken in the light most favorable to Plaintiff clearly demonstrate "significant, as opposed to trivial, suffering." *Id.* Plaintiff's pain was so severe that he collapsed, vomited, and believed he was dying. This severe pain and fear of death lasted for several hours, during which Plaintiff was provided with neither the medical treatment that could have reduced his pain nor the medical diagnosis that could have removed his fear of death.

Contrary to Defendant's arguments, the facts of this case are not similar to the situation before the Fourth Circuit in *Martin v. Gentile*, 849 F.2d 863 (4th Cir. 1988). In that case, a magistrate judge found, following a bench trial, that the plaintiff had not established the objective prong of the deliberate indifference test where the plaintiff's injuries consisted mainly of a small cut over his eye and a small piece of glass embedded in his palm. In affirming this finding under clear error review, the Fourth Circuit held that the plaintiff had presented no medical evidence that his injuries were serious enough to require earlier medical attention. *Id.* at 871. Instead, "the doctor who examined him in the emergency room testified that [the plaintiff's] injuries were minor and did not require either stitches or painkiller." *Id.* There is little similarity between the minor pain at issue in *Martin* and the severe pain at issue in the case before us.

We need not attempt to precisely delineate in this case the exact boundaries of the

line between the trivial "twinge of pain" that will not give rise to an Eighth Amendment deliberate indifference claim and the significant "substantial" pain that will give rise to such a claim. *See Kikumura*, 461 F.3d at 1292. It is sufficient for us to hold that Plaintiff's several hours of untreated severe pain in this case fall on the actionable side of the line. We therefore affirm the district court's conclusion that the facts taken in the light most favorable to Plaintiff are sufficient to satisfy the objective prong of the deliberate indifference test.

We turn then to Defendant's second argument. Defendant contends that even if her alleged actions violated Plaintiff's Eighth Amendment rights, she is entitled to qualified immunity because the law was not clearly established at the time of her alleged violation. Specifically, Defendant argues that previous Tenth Circuit cases upholding deliberate indifference claims all involved longer periods of pain and more serious underlying health conditions than the five hours of pain caused by Plaintiff's kidney stones in this case. She contends our cases therefore would not have put a reasonable medical professional in her position on notice that her decision to ignore Plaintiff's complaints of severe abdominal pain would give rise to a constitutional claim.

The main flaw in Defendant's argument is that she is focusing on the facts we now know about the duration and cause of Plaintiff's pain, while the pertinent question for determining her entitlement to qualified immunity depends on the facts that were known at the time. "The relevant, dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer that his conduct was

unlawful in the situation he confronted." *Holland v. Harrington*, 268 F.3d 1179, 1186 (10th Cir. 2001). At the time Defendant chose to ignore Plaintiff's request for medical treatment, "the situation [s]he confronted" was a diabetic inmate who had collapsed onto the floor, repeatedly vomited, and complained to different correctional officers of severe abdominal pain. Defendant was aware that severe abdominal pain, particularly in someone with diabetes, may be a sign of any number of serious, life-threatening conditions. Defendant was also aware that she was the only medical staff person on duty and that her decision to ignore Plaintiff's request for medical treatment would leave him without medical assistance.

Unbeknownst to Defendant, Plaintiff's condition turned out to be due to kidney stones rather than to a life-threatening condition. Also unbeknownst to her, Plaintiff would fall asleep or lose consciousness during the night and thus only be cognizant of five or six total hours of pain. However, these then-unknown facts did not somehow make her retroactively unable to perceive that her actions—her choice to ignore the repeated requests for medical help from an inmate who was experiencing severe abdominal pain potentially caused by a life-threatening condition—would constitute a violation of the Eighth Amendment. It has been clearly established in this circuit since at least 2006 that a deliberate indifference claim will arise when "a medical professional completely denies care although presented with recognizable symptoms which potentially create a medical emergency, e.g., a patient complains of chest pains and the prison official, knowing that medical protocol requires referral or minimal diagnostic testing to

-10-

confirm the symptoms, sends the inmate back to his cell." *Self v. Crum*, 439 F.3d 1227, 1232 (10th Cir. 2006). Defendant's decision to ignore Plaintiff's repeated complaints of severe abdominal pain, taking the facts in the light most favorable to Plaintiff, falls squarely within this clearly established law. A medical professional may not ignore an inmate's complaints of severe pain and then escape liability because later-discovered facts about the actual cause and ultimate duration of the inmate's pain, while serious enough to give rise to an Eighth Amendment claim, do not precisely correspond with the facts of previous Tenth Circuit cases. As the Seventh Circuit has explained:

> The purpose of qualified immunity is to shield public officers from liability where a change in the law or enduring legal uncertainty makes it difficult for the officer to assess the lawfulness of the act in question *before* he does it. Whether a delay in providing medical treatment has negatively affected a plaintiff's well-being is an assessment that is made in hindsight, so it cannot affect an officer's initial decision to seek treatment for an inmate. In other words, because the eventual presence or absence of verifying medical evidence cannot bear on an officer's decision to seek or deny treatment, it cannot provide a basis for immunity.

*Williams v. Liefer*, 491 F.3d 710, 716 (7th Cir. 2007) (internal quotation marks, ellipses, and citations omitted).

We are unpersuaded by Defendant's argument that facts unknown to her at the time of her conduct can now insulate her actions from liability because these then-unknown facts do not precisely align with the facts of previous Tenth Circuit cases. Taking the facts in the light most favorable to Plaintiff, Defendant violated clearly established law by choosing to ignore Plaintiff's repeated complaints of severe abdominal pain and requests for medical assistance, thus completely denying him any medical care

-11-

"although presented with recognizable symptoms which potentially create[d] a medical emergency." *Self*, 439 F.3d at 1232.

The district court's denial of qualified immunity is therefore **AFFIRMED**.