**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

JAMES TEMPLETON; DAVID
COWDEN,

     Plaintiffs - Appellants,

and

ROBERT GALLOB; DAVID ALLEN,

     Plaintiffs,

v.

PETER ANDERSON; JEFF SMITH;
JAMES CHANEY; TIMOTHY CREANY;
JAN SYLVIA; STEVEN GALLEGOS;
CHERI DRENNON; STEPHEN ENGLE;
THOMAS MARTIN,

     Defendants - Appellees.

No. 14-1334
(D.C. No. 1:12-CV-01276-RBJ-BNB)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **LUCERO**, **TYMKOVICH**, and **PHILLIPS**, Circuit Judges.
_____

---

[*] After examining the briefs and appellate record, this panel determined unanimously that oral argument would not materially assist in the determination of this appeal.  See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.  This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

James Templeton and David Cowden appeal the district court's dismissal of their 42 U.S.C. § 1983 claims. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

**I**

Templeton and Cowden are inmates at the Fremont Correctional Facility.[1] In June 2011, both plaintiffs were assigned to a work detail removing tile from an administration building hallway. Prior to initiating this project, General Maintenance Captain Stephen Engle, Sergeant Tom Martin, and Life Safety Coordinator Peter Anderson collected samples of the tile and mastic in the area and understood that the samples did not contain asbestos. Anderson instructed Officer James Chaney on the proper manner of removing the tile, and told him that work should be halted immediately if the crew encountered mastic of any color other than brown.

On June 28, 2011, the second day of work, Templeton noticed black mastic. He alerted Cowden and Chaney at approximately 1:35 p.m. According to Templeton, Chaney told the crew to continue working. Approximately an hour later, Engle and Anderson arrived on the scene and halted work. Anderson had the inmates remove their footwear and contacted a shift commander with instructions to have them shower. Subsequent testing revealed that the black mastic and tile contained up to 8% asbestos. Anderson also ordered air quality tests, which showed asbestos concentrations below trigger levels.

---

[1] Because the district court granted defendants' motion for summary judgment, we recite the facts in the light most favorable to the plaintiffs. See Howard v. Waide, 534 F.3d 1227, 1235 (10th Cir. 2008).

Templeton, Cowden, and the other inmates exposed to the black mastic underwent chest X-rays on July 15, 2011. Templeton's X-ray was normal. A few months later, Templeton requested medical attention for breathing problems. He was found to have irritated eyes, nasal drainage, and a slightly reddened post-nasal pharynx as a result of seasonal allergies. Templeton also repeatedly requested mental health treatment for his fear of developing an asbestos-related ailment, but did not receive such treatment. Cowden's X-ray was mildly abnormal, but the abnormality was not clearly related to asbestos. Prison officials conducted a follow-up X-ray on September 7, 2011, which showed no substantial change, and did not detect any "discre[te] acute infiltrates," meaning that there was no clear asbestos effect.

In addition to the mastic exposure, Templeton and Cowden claim that on November 29, 2011, they were exposed to asbestos in the glazing of a window that they were ordered to change. They claim that they were ordered to change hundreds of similar windows before that date, and that "Government Officials" knew the glazing contained asbestos.

Templeton, Cowden, and several other inmates filed suit in federal court alleging that numerous prison officials violated their rights under the Eighth Amendment. The district court granted the defendants' motion for summary judgment. Templeton and Cowden timely appealed.

## II

"We review orders granting summary judgment de novo, viewing the evidence in the light most favorable to the nonmoving party." Howard, 534 F.3d at 1235. Summary

-3-

judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Because plaintiffs are proceeding pro se, we construe their filings liberally. Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

To prevail on a claim under § 1983, plaintiffs must show that each defendant personally participated in the deprivation of a constitutional right. See Trujillo v. Williams, 465 F.3d 1210, 1227 (10th Cir. 2006). The Eighth Amendment bars prison officials from acting with "deliberate indifference to serious medical needs of prisoners." Estelle v. Gamble, 429 U.S. 97, 104 (1976). To prevail on a deliberate indifference claim, a plaintiff must establish both an objective and a subjective component. See Al-Turki v. Robinson, 762 F.3d 1188, 1192 (10th Cir. 2014).

> "The objective prong of the deliberate indifference test examines whether the prisoner's medical condition was sufficiently serious to be cognizable under the Cruel and Unusual Punishment Clause. The subjective prong examines the state of mind of the defendant, asking whether the official knew of and disregarded an excessive risk to inmate health or safety."

Id. (quotations, citations, and alterations omitted). "A medical need is sufficiently serious if it is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Sealock v. Colorado, 218 F.3d 1205, 1209 (10th Cir. 2000) (quotation omitted).

For claims based on exposure to hazardous materials that may cause future harm to an inmate's health, we ask whether the exposure is "so grave that it violates contemporary standards of decency to expose anyone unwillingly to such a risk." Helling

-4-

v. McKinney, 509 U.S. 25, 36 (1994) (emphasis omitted). "The health risk posed by friable asbestos has been acknowledged by various courts, which have held that inmates' unwilling exposure to an unreasonably high concentration of air-borne asbestos particles constitutes a cognizable claim under the Eighth Amendment." See Pack v. Artuz, 348 F. Supp. 2d 63, 79 (S.D.N.Y. 2004) (collecting cases). "For exposure to airborne asbestos fibers to create a substantial risk of serious harm, however, the intensity and duration of the exposure must both be significant." Id. at 79-80.

The only defendants alleged to have personally participated in the asbestos exposure are Engle, Anderson, and Chaney. Accordingly, the tile and mastic asbestos exposure claims against all other defendants fail as a matter of law. See Trujillo, 465 F.3d at 1227 (explaining that to be liable under § 1983, a defendant must have personally participated in the violation of a prisoner's rights). The same is true as to all defendants with respect to plaintiffs' claim that they were exposed to asbestos in window glazing because plaintiffs do not allege personal participation by any individual. See id.

Plaintiffs have not created a genuine dispute of fact as to whether Engle and Anderson "knew of and disregarded an excessive risk to inmate health or safety," Al-Turki, 762 F.3d at 1192 (quotation and alteration omitted), by exposing them to asbestos. These defendants believed that the tile and brown mastic plaintiffs were ordered to remove did not contain asbestos. Anderson ordered that the project should be halted if mastic of any color other than brown was discovered, and stopped work when he learned black mastic was found.

In contrast, plaintiffs have created a factual dispute on the subjective prong as to defendant Chaney. Drawing all inferences in favor of plaintiffs, a jury might conclude that Chaney ordered plaintiffs to continue removing tile in an area known to be hazardous. But we agree with the district court that the exposure claim against Chaney fails on the objective prong. According to plaintiffs, they were exposed to the black mastic and asbestos-containing tile for approximately one hour. This was not a significant duration given the type of exposure at issue. See Pack, 348 F. Supp. 2d at 79-80. Accordingly, we cannot say that it "violate[d] contemporary standards of decency to expose anyone unwillingly to such a risk." Helling, 509 U.S. at 36 (emphasis omitted); see also McNeil v. Lane, 16 F.3d 123, 125 (7th Cir. 1993) (noting that exposure to moderate levels of asbestos is unfortunately common).

We further agree with the district court that plaintiffs' claims based on insufficient medical care fail under the objective prong. Prison medical staff performed chest X-rays on both Templeton and Cowden shortly after their asbestos exposure. Cowden received a follow-up X-ray because his first X-ray revealed minor abnormalities that were not clearly related to asbestos. After informing prison medical staff that he had trouble breathing, Templeton was examined and diagnosed with mild symptoms related to seasonal allergies. Plaintiffs argue that additional diagnostic and treatment options should have been ordered. However, the question of whether "additional diagnostic techniques or forms of treatment . . . [are] indicated is a classic example of a matter for medical judgment," and a medical decision not to pursue such options generally "does not represent cruel and unusual punishment." Estelle, 429 U.S. at 107.

Templeton also argues that defendants are liable for failing to provide mental health treatment for his fear of developing asbestos-related illnesses. The denial of mental health care can constitute deliberate indifference. See Ramos v. Lamm, 639 F.2d 559, 574 (10th Cir. 1980). But as with other medical needs, mental health issues must be sufficiently serious. Id. at 575. That is, the need must be "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Id. (quotation omitted). We agree with the district court that Templeton's complaints fall short of this standard.[2]

## III

For the foregoing reasons, the judgment of the district court is **AFFIRMED**. The motions to proceed in forma pauperis filed by Templeton and Cowden are **GRANTED**. We remind both appellants that they remain obligated to continue making partial payments until the entire filing fee has been paid.

Entered for the Court

Carlos F. Lucero
Circuit Judge

---

[2] Plaintiffs also argue that the district court improperly granted a motion for extension of time for a group of defendants to respond to a motion for default judgment. We review a district court ruling on a motion for extension of time for abuse of discretion. See Skrzypczak v. Roman Catholic Diocese of Tulsa, 611 F.3d 1238, 1242 (10th Cir. 2010). We discern no abuse in the district court's ruling on this motion.