FILED
United States Court of Appeals
Tenth Circuit

December 5, 2017

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

ARCHIE RACHEL,

     Plaintiff - Appellant,

v.

JEFFREY TROUTT, D.O. in his official
capacity as the facility doctor and
individual capacity; KATRYNA FRECH,
R.N. in her official and individual capacity;
JANET DOWLING, Warden in her official
and individual capacity; FELICIA
HARRIS, Law Librarian in her official and
individual capacity,

     Defendants - Appellees.

No. 17-6123
(D.C. No. 5:14-CV-00655-R)
(W.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **LUCERO**, **BACHARACH**, and **MORITZ**, Circuit Judges.
_____

Archie Rachel is an Oklahoma prisoner who sued several prison officials under

42 U.S.C. § 1983. He primarily claims that his medical care in prison was so

inadequate that it rose to the level of cruel and unusual punishment under the Eighth

_____

[*] After examining the briefs and appellate record, this panel has determined
unanimously to honor the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Amendment. Rachel appeals the district court's order granting summary judgment for the defendants.[1] But we agree that Rachel failed to show there is a genuine dispute of material fact, so we affirm.

## I. Background

Rachel has medical problems. While an inmate at the James Crabtree Correctional Center (JCCC), he suffered from heartburn, indigestion, and muscle pain in his hands. He also "leak[ed] urine on himself frequently." Aplt. Br. at 4. Unhappy with his medical care, Rachel sued a prison physician (Dr. Jeffrey Troutt) and nurse (Katryna Frech), claiming they were deliberately indifferent to his medical needs. He also claimed Frech and the warden (Janet Dowling) were liable as supervisors.[2]

The district court screened Rachel's complaint under 28 U.S.C. § 1915A, and ordered JCCC to investigate his allegations and prepare a Special Report, *see Martinez v. Aaron*, 570 F.2d 317, 319-20 (10th Cir. 1978). When the Special Report was completed, the defendants filed a dispositive motion. In his response, Rachel sought more time to conduct discovery and use JCCC's law library. The district court denied his request and granted summary judgment for the defendants.

_____

[1] Rachel is proceeding pro se, as he did in the district court. Although he must follow the same rules of procedure as counseled litigants, we liberally construe his pleadings and hold them to a less stringent standard than those drafted by attorneys. *See Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

[2] Rachel's complaint included a third claim regarding the prison's grievance procedure, but the district court previously granted summary judgment on this claim and we affirmed. *See Rachel v. Troutt*, 820 F.3d 390, 398 (10th Cir. 2016).

We reversed, holding the district court should have given Rachel more time. *See Rachel v. Troutt*, 820 F.3d 390, 395-96 (10th Cir. 2016).

On remand, the parties completed discovery and the defendants again filed dispositive motions. Specifically, Frech moved to dismiss and Troutt and Dowling moved for summary judgment. But despite several extensions of time, Rachel failed to respond. A magistrate judge recommended granting summary judgment on Rachel's deliberate indifference and supervisory liability claims,[3] and the district court adopted his report and recommendation.

## II. Standard of Review

We review the grant of summary judgment de novo. *Felkins v. City of Lakewood*, 774 F.3d 647, 650 (10th Cir. 2014). A party is entitled to summary judgment if he shows there is no genuine dispute of material fact and he is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). A dispute "is genuine if there is sufficient evidence on each side so that a rational trier of fact could resolve the issue either way." *J.V. v. Albuquerque Pub. Schs.*, 813 F.3d 1289, 1295 (10th Cir. 2016) (internal quotation marks omitted).

At the summary-judgment stage, the court must view the facts in the light most favorable to the nonmoving party, and must resolve all factual disputes and make all reasonable inferences in his favor. *Cillo v. City of Greenwood Vill.*, 739 F.3d 451, 461 (10th Cir. 2013). But the "plaintiff has an obligation to present some evidence to

---

[3] The magistrate judge relied on documents attached to the Special Report, so he treated both dispositive motions as motions for summary judgment. *See* Fed. R. Civ. P. 12(d). Rachel does the same.

support the allegations; mere allegations, without more, are insufficient to avoid summary judgment*.*" *Serna v. Colo. Dep't of Corr.*, 455 F.3d 1146, 1150-51 (10th Cir. 2006) (internal quotation marks omitted).

### III. Deliberate Indifference

Rachel argues the district court erred by granting summary judgment on his claim that Troutt and Frech were deliberately indifferent to his medical needs. But he directs us to no evidence supporting his allegations, so we see no error. *See id.*

A prison official's deliberate indifference to a prisoner's serious medical needs violates the Eighth Amendment prohibition on cruel and unusual punishment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). A deliberate indifference claim has two components, one objective and one subjective. *Al-Turki v. Robinson*, 762 F.3d 1188, 1192 (10th Cir. 2014). The objective prong requires the prisoner to show his medical condition was serious enough to implicate the Eighth Amendment. *See id.* This requirement is satisfied if his condition was diagnosed by a doctor as requiring treatment or was "so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Id.* at 1192-93. To satisfy the subjective prong, the prisoner must show the official knew he faced "a substantial risk of serious harm and disregard[ed] that risk by failing to take reasonable measures to abate it." *Farmer v. Brennan*, 511 U.S. 825, 847 (1994).

Rachel argues that Troutt and Frech demonstrated deliberate indifference to his medical needs by taking him "off all the meds he needed" when he arrived at JCCC and forcing him to "live[e] in complete misery" for 30 days while he waited to see a

4

doctor. Aplt. Br. at 4. Although a delay in treatment that causes considerable pain may be sufficient to satisfy the objective prong of the deliberate indifference test, *see Al-Turki*, 762 F.3d at 1193, Rachel cites no evidence supporting his allegations. And his medical records from JCCC, which were included in the Special Report, paint a different picture. Rachel submitted three requests for health services before his first medical examination at JCCC, which occurred about a month after he arrived. But Rachel neither complained of pain nor asked to see a doctor. *See* R. Vol. I at 229-31. Rather, he simply requested refills of certain medications. If Rachel did require immediate care upon arriving at JCCC, he provides no evidence suggesting Troutt or Frech knew this.[4]

Rachel argues his medical care was inadequate even after Troutt began treating him. Specifically, he claims the medications Troutt prescribed were less effective than those he had taken previously. But even if Rachel's complaints of heartburn, indigestion, muscle pain, and urine leakage are serious enough to implicate the Eighth Amendment, he cites no evidence suggesting Troutt's prescribed treatment was inappropriate. Rachel's medical records show that, from the time he arrived at JCCC until he filed this lawsuit, the medical staff examined him on a monthly basis, ordered laboratory tests and x-rays, and provided treatment and medications consistent with his symptoms. Rachel points to no evidence suggesting these

---

[4] Rachel says Troutt and Frech "should have known from [his] medical records . . . that he was at risk of serious harm if not properly medicated." Aplt. Br. at 5. But he does not direct us to the medical records he refers to or any other evidence supporting this assertion. This sort of unsubstantiated allegation carries no weight in summary judgment proceedings. *Self v. Crum*, 439 F.3d 1227, 1230 (10th Cir. 2006).

measures were inadequate.  *See Self v. Crum*, 439 F.3d 1227, 1232-33 (10th Cir. 2006) (when "a doctor orders treatment consistent with the symptoms presented and then continues to monitor the patient's condition, an inference of deliberate indifference is unwarranted").

Rachel also claims he was forced to wait outside in a "pill line," which caused him "unnecessary pain [and] suffering."  Aplt. Br. at 3 (internal quotation marks omitted).  But he does not explain who forced him to do this or why it demonstrates extreme indifference to his serious medical needs.  Nor does he support this statement with citations to the record or legal authority.  Without more, this argument does not warrant appellate review.  *See* Fed. R. App. P. 28(a)(8)(A) (the appellant's brief must contain his "contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies"); *Champagne Metals v. Ken-Mac Metals, Inc.*, 458 F.3d 1073, 1092 (10th Cir. 2006) (declining to consider argument consisting of conclusory statements without legal authority).

In short, Rachel raises several complaints about his medical treatment at JCCC, but he points to no evidence that would allow a rational jury to conclude Troutt or Frech acted with deliberate indifferent to his serious medical needs.  The district court, therefore, did not err by granting summary judgment on Rachel's deliberate indifference claim.

### IV. Supervisor Liability

We also reject Rachel's argument that the district court erred by granting summary judgment on his supervisory liability claim.  The first step in establishing a

6

§ 1983 claim against a supervisor is showing that her subordinates violated the constitution. *Serna*, 455 F.3d at 1151. Because there is no evidence supporting Rachel's Eighth Amendment claim, his supervisory liability claim also fails.

## V. Conclusion

We affirm the district court's order granting summary judgment. We also grant Rachel's motion to proceed on appeal without prepayment of fees. Because we can excuse only *prepayment* of fees, *see* 28 U.S.C. § 1915(a)(1), Rachel remains obligated to pay all fees to the clerk of the district court.

Entered for the Court

Nancy L. Moritz
Circuit Judge