FILED
United States Court of Appeals
Tenth Circuit

April 8, 2019

Elisabeth A. Shumaker
Clerk of Court

## UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

_____

JEFFREY ALLEN HOLDEN,

    Plaintiff - Appellant,

v.

GEO GROUP PRIVATE PRISON
CONTRACTORS; HECTOR RIOS,

    Defendants - Appellees.

No. 18-6156
(D.C. No. 5:18-CV-00479-F)
(W.D. Okla.)

_____

## ORDER AND JUDGMENT[*]
_____

Before **BRISCOE**, **MORITZ**, and **EID**, Circuit Judges.
_____

Jeffrey Allen Holden, an Oklahoma prisoner proceeding pro se, appeals from

the district court's dismissal of his claims under 42 U.S.C. § 1983.  Exercising

jurisdiction under 28 U.S.C. § 1291, we affirm the dismissal of Holden's claims, but

we remand for the district court to clarify in its judgment that its dismissal of any

state-law claims Holden intended to assert was without prejudice.

_____

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore
ordered submitted without oral argument.  This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel.  It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## BACKGROUND

Holden has been incarcerated in the Oklahoma prison system for approximately thirteen years, most recently at Lawton Correctional Facility (LCF). LCF is operated by an entity called GEO Group under a contract with the state of Oklahoma. Hector Rios is LCF's Warden.

Holden is a drug addict. In May 2018, he sued GEO Group and Rios under § 1983, alleging that LCF refused to provide him drug treatment in violation of his rights under the Eighth Amendment and the Oklahoma constitution. Holden's complaint also asserted that LCF was required, by its contract with the state, to provide drug treatment and mental health services.

On initial screening under 28 U.S.C. § 1915A, the magistrate judge identified several deficiencies in Holden's complaint and provided him an opportunity to file an amended complaint. Holden did not do so, instead filing an "Amendment to Claim and Brief in Support" in which he attempted to clarify his claims. Considering both the original complaint and the "Amendment to Claim," the magistrate judge recommended that the district court dismiss the federal claims for failure to state a claim upon which relief may be granted and, to the extent Holden had intended to assert state-law claims, decline to exercise supplemental jurisdiction over them. Over Holden's objections, the district court adopted the magistrate judge's recommendation, dismissed the federal claims, and declined to exercise supplemental jurisdiction over any state-law claims that Holden had intended to assert.

## DISCUSSION

We review de novo a § 1915A dismissal for failure to state a claim. *Young v. Davis*, 554 F.3d 1254, 1256 (10th Cir. 2009). Because Holden proceeds pro se, we construe his filings liberally, but we do not act as his advocate. *Requena v. Roberts*, 893 F.3d 1195, 1205 (10th Cir. 2018), *cert. denied*, 139 S. Ct. 800 (2019).

"[A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). "[T]he pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Id.* (citation, brackets, and internal quotation marks omitted). In addition to the text of Holden's complaint and his "Amendment to Claim," we consider his exhibits in determining whether he stated a claim. *See Requena*, 893 F.3d at 1205.

The Eighth Amendment prohibits deliberate indifference to an inmate's serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). Deliberate indifference to serious medical needs may be "manifested . . . by prison guards . . . intentionally denying or delaying access to medical care or intentionally interfering with . . . treatment once prescribed." *Id.* at 104-05 (footnote omitted). As Holden urges,

3

medical care includes psychological and psychiatric care. *Riddle v. Mondragon*, 83 F.3d 1197, 1203 (10th Cir. 1996).

Deliberate indifference has both an objective and a subjective component. *Requena*, 893 F.3d at 1215. "First, [the inmate] must produce objective evidence that the deprivation at issue was in fact sufficiently serious." *Id.* (internal quotation marks omitted). "Second, under the subjective component, [the inmate] must allege the prison official acted with a sufficiently culpable state of mind, i.e. that the official knew of and disregarded an excessive risk to inmate health or safety." *Id.* (brackets and internal quotation marks omitted).

Holden states that LCF does not offer drug treatment. Further, from his pleadings and their attachments, it appears that no facility in the Oklahoma Department of Corrections (ODOC) offers drug treatment to any prisoner until they are within 2,000 days of release. Holden is approximately 5,500 days from release, so he is not yet eligible for any drug treatment program in ODOC.

The magistrate judge assumed, without deciding, that the denial of drug treatment may trigger constitutional protection. But because ODOC's drug treatment policy does make treatment available at some point, he recommended that Holden's Eighth Amendment claim be considered as challenging a delay in treatment, rather than an outright denial of treatment. The district court adopted this recommendation, and we agree. Although Holden emphatically maintains that LCF does not offer drug treatment, the allegations indicate that Holden is precluded from drug treatment not simply because he is at LCF, but because he is not currently eligible for drug

4

treatment at any ODOC facility. In light of ODOC's policy allowing drug treatment at some point in the future, Holden's claim is more properly analyzed as a delay of treatment rather than a denial of treatment.

"Where a prisoner claims that harm was caused by a delay in medical treatment, he must show that the delay resulted in substantial harm in order to satisfy the objective prong of the deliberate indifference test." *Al-Turki v. Robinson*, 762 F.3d 1188, 1193 (10th Cir. 2014) (internal quotation marks omitted). "We have held that the substantial harm requirement may be satisfied by lifelong handicap, permanent loss, or considerable pain." *Id.* (internal quotation marks omitted); *see also Mata v. Saiz*, 427 F.3d 745, 755 (10th Cir. 2005) (stating that an inmate established objective harm by demonstrating unnecessary pain and a worsening in condition). We have also stated, however, that "not every twinge of pain suffered as the result of delay in medical care is actionable." *Sealock v. Colorado*, 218 F.3d 1205, 1210 (10th Cir. 2000).

The magistrate judge noted that "[Holden] alleges only that the delay in substance abuse treatment has resulted in mental anguish, stress, anxiety, hopelessness, depression, and 'continual highs and lows of hope for relief to never come to fruition.'" R. at 45 (quoting *id.* at 6). Accordingly, he concluded that Holden "has not alleged facts from which to infer that Defendants' inaction in delaying his receipt of substance abuse treatment has resulted in substantial harm." *Id.* The district court adopted this analysis. On appeal, Holden again generally

5

identifies the types of harms the magistrate judge noted.[1]  We agree with the district court that these allegations are insufficient to establish the substantial harm requirement.  *See Riddle*, 83 F.3d at 1203-04 (stating, in holding that plaintiffs who sought specialized treatment for sex addiction failed to state an Eighth Amendment claim, that "[v]ague allegations of eroded self-esteem, apathy, fear and feelings of differentness, keeping a plaintiff in the 'addictive cycle,' do not amount to the basis for a constitutional claim").

Contrary to Holden's allegations on appeal, the district court gave him the benefit of liberal construction of his pleadings, considering both the allegations of the "Amendment to Claim" as well as the allegations in the original complaint.  Moreover, regarding Holden's assertion of failure to address his allegations of breach of contract, the district court declined to exercise supplemental jurisdiction over Holden's state-law claims, leaving him free to pursue a breach of contract claim in state court if he chooses to do so.[2]

We note, however, that the district court did not specify whether its dismissal was with prejudice or without prejudice.  Under Fed. R. Civ. P. 41(b), that means the dismissal was with prejudice.  *See Nasious v. Two Unknown B.I.C.E. Agents*,

---

[1]  To the extent Holden's opening brief may identify any additional harms, they are asserted only conclusorily, without explanation or elaboration.

[2] On appeal, Holden suggests that he is a third-party beneficiary who can pursue a federal claim of breach of contract under 42 U.S.C. § 1981.  But Holden did not mention § 1981 in the district court.  And to the extent that Holden alleges that the district court should have identified a possible § 1981 claim through applying liberal construction, we disagree.  Section 1981 addresses race discrimination, and Holden has failed to allege any facts regarding race discrimination.

492 F.3d 1158, 1162 (10th Cir. 2007) ("Because the district court in this case did not specify the nature of its dismissal order, we must rely on background principles under Rule 41(b), and they firmly instruct that '[u]nless the court in its order for dismissal otherwise specifies,' a district court's dismissal will be treated as adjudicating the merits of the action—and thus a dismissal *with* prejudice."). Given that the district court declined to exercise supplemental jurisdiction over any state-law claims, however, the dismissal of those claims should have been without prejudice. *See Ball v. Renner*, 54 F.3d 664, 669 (10th Cir. 1995).

## CONCLUSION

The district court's judgment is affirmed, but we remand for the district court to clarify in its judgment that its dismissal of any state-law claims is without prejudice.

Entered for the Court

Nancy L. Moritz
Circuit Judge

7