FILED
United States Court of Appeals
Tenth Circuit

January 14, 2021

Christopher M. Wolpert
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

AL-RASHAAD R. CRAFT,

     Plaintiff - Appellee,

v.

AHMAD WHITE, in his official and
individual capacity,

     Defendant - Appellant,

and

CHAD WRIGHT, in his official and
individual capacity,

     Defendant.

No. 19-2213
(D.C. No. 2:17-CV-00469-NF-KHR)
(D. N.M.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **TYMKOVICH**, Chief Judge, **BRISCOE**, and **BACHARACH**,
Circuit Judges.
_____

This case arises from a skirmish between Mr. Al-Rashaad Craft and

Mrs. Susan Stone. The skirmish began as Mr. Craft was preaching in a

public plaza in Hobbs, New Mexico. Mrs. Stone confronted Mr. Craft, and

_____

[*]    This order and judgment does not constitute binding precedent except
under the doctrines of law of the case, res judicata, and collateral estoppel.
But the order and judgment may be cited for its persuasive value if
otherwise appropriate. Fed. R. App. P. 32.1(a); 10th Cir. R. 32.1(A).

the confrontation grew physical. About a week later, Officer Ahmad White arrested Mr. Craft; however, the charges were ultimately dismissed.

Mr. Craft sued Officer White under 42 U.S.C. § 1983, invoking the First and Fourth Amendments and alleging that

- Officer White had failed to obtain and watch a video showing Mrs. Stone's culpability and Mr. Craft's innocence,

- the criminal complaint had not shown probable cause, and

- the arrest had constituted retaliation for Mr. Craft's exercise of his constitutional rights.

Officer White moved for summary judgment, asserting qualified immunity. The district court denied the motion; we reverse, concluding that

- Officer White did not violate a clearly established right by failing to obtain the video and watch it before filing the complaint,

- the Fourth Amendment claims fail because (1) the criminal case did not terminate in Mr. Craft's favor and (2) probable cause existed for the arrest, and

- the First Amendment claims fail because probable cause existed.

## I. Officer White investigated the skirmish and arrested Mr. Craft.

Because this is an interlocutory appeal of a denial of qualified immunity, we rely on the district court's assessment of the facts and view the summary-judgment evidence in the light most favorable to Mr. Craft. *Al-Turki v. Robinson*, 762 F.3d 1188, 1191 (10th Cir. 2014).

2

The district court observed that Mr. Craft is a man of Christian faith who frequently preached at a public plaza. When he preached, he recorded himself with a smartphone. As he preached one Saturday, Mrs. Stone approached and taunted him, waving a lighter or lighter case in his face. As she did, she pushed Mr. Craft's Bible into his face. He reacted by pushing Mrs. Stone to the ground.

A police officer interviewed Mrs. Stone, a witness (Mr. Israel Loya-Lopez), and Mr. Craft. Mrs. Stone told the officer that

- Mr. Craft had pushed her to the ground and

- her head, back, and rear hurt.

Mr. Loya-Lopez said that

- he had seen Mr. Craft push Mrs. Stone to the ground with the same force that would have been used against a 300-pound man and

- Mrs. Stone had not touched Mr. Craft.

For his part, Mr. Craft said that

- Mrs. Stone had taunted and pushed him, spurring him to push her and

- he had captured the whole incident on video.

The officer made a report and told Mr. Craft and Mrs. Stone that they could contact the district attorney to press charges. Mrs. Stone said that she would.

3

The next day, Officer White was assigned to the case. He interviewed Mr. Loya-Lopez and Mrs. Stone, and both of them repeated the accounts given the day before. Mrs. Stone added that she was hurting and unable to move throughout her residence or to sit upright without assistance. In addition to the interviews, Officer White photographed bruises on Mrs. Stone's head and arm and a bump on her head. Days later, Officer White was told that Mrs. Stone had been diagnosed with a severe concussion.

Officer White conferred with the district attorney and filed a criminal complaint against Mr. Craft. In the criminal complaint, the State alleged third-degree aggravated battery (a felony) and disorderly conduct (a petty misdemeanor). After reviewing the complaint, a judge issued an arrest warrant. With the warrant, Officer White arrested Mr. Craft days later when he returned to the plaza to preach.

Officer White did not obtain the video or try to contact Mr. Craft before arresting him. The video showed that Mrs. Stone

- had pushed Mr. Craft's Bible into his face right before he pushed her and

- had risen and again confronted Mr. Craft.

## II. After dismissal of the criminal case, Mr. Craft sued.

The state district court dismissed the criminal charges, concluding that the prosecution had violated Mr. Craft's right to a speedy trial. Afterward, Mr. Craft sued Officer White for violating the

4

- Fourth Amendment (claims of false arrest and malicious prosecution) and

- First Amendment (claim of retaliatory arrest for exercising the rights to free speech and free exercise of religion).

The federal district court denied Officer White's motion for summary judgment, concluding that a genuine issue of material fact existed on qualified immunity because

- Officer White had needed to obtain and watch Mr. Craft's video before arresting him,

- the video would have prevented a finding of probable cause, and

- a material factual dispute existed on whether dismissal of the criminal case had indicated Mr. Craft's innocence.

Officer White appealed.

**III. We review only the purely legal issue of qualified immunity.**

On an interlocutory appeal from the denial of qualified immunity, we review only pure questions of law. *Al-Turki v. Robinson*, 762 F.3d 1188, 1192 (10th Cir. 2014). We thus engage in de novo review of the denial of summary judgment and determine whether Officer White enjoys qualified immunity. *Id.* To defeat qualified immunity, Mr. Craft must show that (1) he suffered a constitutional violation and (2) the underlying right had been clearly established. *Id.*

A right is clearly established only if reasonable officers would understand that their conduct violates the Constitution. *Mocek v. City of*

5

*Albuquerque*, 813 F.3d 912, 922 (10th Cir. 2015). We do not define clearly established law at a general level, for a constitutional right is clearly established only if there is an on-point Tenth Circuit opinion, Supreme Court precedent, or a clear weight of authority from other courts. *Id.*

**IV.  Officer White enjoys qualified immunity on all claims.**

Applying this test, we conclude that Mr. Craft's account would entitle Officer White to qualified immunity.

To assess qualified immunity on the Fourth Amendment claims, we must consider the extent of Officer White's investigation. Challenging the extent of the investigation, Mr. Craft argues that

- Officer White should have obtained and watched the video before filing a criminal complaint,

- the video would have prevented a finding of probable cause for the arrest and prosecution, and

- the criminal case terminated in Mr. Craft's favor.

We reject these arguments. Officer White had no clearly established obligation to obtain and watch the video before filing the complaint, the video did not prevent a finding of probable cause, and the dismissal of the criminal case did not indicate Mr. Craft's innocence. Given the existence of probable cause, the First Amendment claims of retaliatory prosecution also fail as a matter of law.

6

### A. Officer White had no clearly established obligation to obtain and watch the video.

In urging an obligation to obtain and watch the video, Mr. Craft relies on *Baptiste v. J.C. Penney Co.*, 147 F.3d 1252 (10th Cir. 1998). There we considered whether law-enforcement officers could ignore exculpatory video evidence in their possession before conducting a warrantless arrest. *Id.* at 1257.

The issue arose after law-enforcement officers responded to a report by store security guards about a shopper's theft of a ring. *Id.* at 1254. But the shopper had receipts for her purchases, and a search of her belongings didn't yield a stolen ring. *Id.* The law-enforcement officers not only consulted the security guards but also watched the store's security footage, which showed the shopper viewing rings, comparing them to a ring that she had pulled out of her bag, returning one of the rings to her bag, and making a purchase. *Id.* Despite the video, the law-enforcement officers arrested the shopper, relying entirely on what the security guards had said. *Id.* at 1255.

We observed that the video had not shown probable cause. *Id.* at 1257. We also noted in dictum:

> Absent exceptional circumstances, . . . when a videotape of the conduct at issue is both known and readily accessible to an officer investigating an alleged crime, the officer must view the videotape . . . . While officers are not required to conduct full investigations before making an arrest, an officer may not ignore a videotape which records the alleged criminal acts.

*Id.* at 1257 n.8 (citations omitted).

7

Mr. Craft relies on this dictum to argue that Officer White needed to watch the video before filing the criminal complaint. Responding to this argument, Officer White conceded that he knew or should have known of the video. But he denies violating a clearly established right, arguing that *Baptiste* is materially distinguishable. We agree for two reasons.

First, in *Baptiste* we reviewed a warrantless arrest at the scene of an alleged crime. *Id.* at 1256. But Mr. Craft was arrested after a judge had found probable cause and issued a warrant.

Second, the video in *Baptiste* was readily accessible because the arresting officer had the video and watched it before arresting the shopper. *Id.* at 1254–55. In this case, Officer White was not at the scene and did not have the video; Mr. Craft had it. Unlike the officer in *Baptiste*, Officer White did not ignore an exculpatory video in his possession. *See Carani v. Meisner*, 521 F. App'x 640, 642 (10th Cir. 2013) (unpublished) (distinguishing *Baptiste* and concluding that the right was not clearly established because "the arresting officers [in *Carani*] did not ignore exculpatory evidence in their possession").

The plaintiff argues that Officer White could have obtained the video because he knew Mr. Craft's cellphone number and where he preached. Officer White could have called Mr. Craft but had no clearly established constitutional obligation to request the video before filing a criminal

complaint. So under the second prong of qualified immunity, Mr. Craft has not shown the violation of a clearly established right.

**B. The claim of malicious prosecution fails because probable cause existed and termination of the criminal case did not indicate Mr. Craft's innocence.**

A claim of malicious prosecution[1] entails five elements: (1) the defendant caused the plaintiff's confinement or prosecution, (2) the criminal case terminated in the plaintiff's favor, (3) no probable cause supported the arrest, confinement, or prosecution, (4) the defendant acted maliciously, and (5) the plaintiff suffered damages. *Wilkins v. DeReyes*, 528 F.3d 790, 799 (10th Cir. 2008). Mr. Craft's claim fails because

- the criminal case did not terminate favorably to Mr. Craft and

- the arrest warrant was supported by probable cause.

**1. The criminal case did not terminate in Mr. Craft's favor.**

Mr. Craft bears the burden of showing that the criminal case terminated in his favor. *Cordova v. City of Albuquerque*, 816 F.3d 645, 650 (10th Cir. 2016). A speedy-trial dismissal terminates favorably only if it

---

[1]     Mr. Craft has asserted Fourth Amendment claims of false arrest and malicious prosecution. The two claims are distinct. Claims of false arrest may stem from a warrantless arrest, and claims of malicious prosecution may arise from legal proceedings. *See Wilkins v. DeReyes*, 528 F.3d 790, 798 (10th Cir. 2008). Mr. Craft is challenging the legal proceedings, consisting of the filing of the criminal complaint and the issuance of the arrest warrant. The appropriate claim is thus malicious prosecution, not false arrest. *See id.*

9

"indicate[s] the innocence of the accused." *Id.* at 651 (quoting *Wilkins*, 528 F.3d at 803).

When it is unclear whether a case terminated favorably, we consider the stated reasons for the dismissal and the surrounding circumstances to determine if they indicate innocence. *Id.* In considering the reasons and circumstances, we must decide as a matter of law whether the termination indicated Mr. Craft's innocence. *See Margheim v. Buljko*, 855 F.3d 1077, 1088 (10th Cir. 2017) (stating that "whether a termination was 'favorable' presents a legal question").

We conclude that the dismissal of the criminal case did not indicate innocence. The court dismissed the charges based on a violation of Mr. Craft's right to a speedy trial, reasoning that

- the State had delayed for fourteen months, including two continuances,

- the State's delays had been "administrative or neutral," "not deliberate," and

- Mr. Craft had been prejudiced.

These reasons do not suggest Mr. Craft's innocence. *See Cordova*, 816 F.3d at 651 (concluding that a dismissal for speedy-trial violations did not indicate innocence because the delays had resulted from "a series of procedural blunders").[2] As a result, the claim of malicious prosecution

---

[2]    In district court, Mr. Craft's counsel stated in a brief that the prosecution had made plea offers because of the absence of incriminating

fails at the first prong of qualified immunity based on the absence of a constitutional violation. *Id.*

## 2. Probable cause existed for the arrest.

Mr. Craft also denies probable cause, characterizing Officer White's disregard of the video as a knowing or reckless presentation of false evidence in the complaint.[3]

Officers applying for an arrest warrant violate the Fourth Amendment by knowingly or recklessly including false information or omitting material information. *Puller v. Baca*, 781 F.3d 1190, 1197 (10th Cir. 2015). If a violation occurs, courts determine whether probable cause would have existed without the violation by "(1) removing any false information from the affidavit, (2) including any omitted material information, and then (3) inquiring whether the modified affidavit

---

evidence. But counsel provided no evidence of these plea offers, and statements in a brief "cannot provide a proper basis to deny summary judgment." *Pinkerton v. Colorado Dep't of Transp.*, 563 F.3d 1052, 1061 (10th Cir. 2009).

[3]    The criminal complaint contained a series of allegations, which Mr. Craft characterizes as knowingly or recklessly false. For example, the complaint stated that

- Mr. Craft had made profane, racial, and violent statements,

- Mrs. Stone had asked Mr. Craft to stop making racial statements, and

- Mrs. Stone had not touched Mr. Craft.

establishes probable cause for the warrant." *Id.*; *see Franks v. Delaware*, 438 U.S. 154, 171–72 (1978).

We have already concluded that Officer White had no clearly established obligation to obtain and watch the video, and the district court did not address whether Officer White had knowingly or recklessly included false statements. But probable cause would remain even if we were to add the video evidence, remove the allegedly false evidence, and add the alleged omissions.

Probable cause is "a substantial probability that a crime has been committed and that a specific individual committed the crime." *Wilkins*, 528 F.3d at 801 (quoting *Wolford v. Lasater*, 78 F.3d 484, 489 (10th Cir. 1996)). The arrest warrant alleged third-degree felony aggravated battery and disorderly conduct. Third-degree aggravated battery is "the unlawful touching or application of force to the person of another with intent to injure" and "inflicting great bodily harm." N.M.S.A. § 30-3-5(A), (C). And disorderly conduct is "violent, abusive, indecent, profane, boisterous, unreasonably loud or otherwise disorderly conduct which tends to disturb the peace." N.M.S.A. § 30-20-1(A).

Even without the allegedly false statements and omissions, probable cause would have existed for both crimes. According to the criminal complaint, Mr. Craft admitted pushing Mrs. Stone, Mrs. Stone had visible bruising, she complained of pain, and she was diagnosed with a severe

12

concussion. Mr. Craft does not characterize these parts of the criminal complaint as false, and they created probable cause to believe that Mr. Craft had committed third-degree aggravated battery and disorderly conduct by pushing Mrs. Stone to the ground.[4]

A reasonable police officer could conceivably regard Mr. Craft's action as self-defense, for he said that he had pushed Mrs. Stone only after being pushed. But officers need not "rule out a suspect's innocent explanation for suspicious facts." *District of Columbia v. Wesby*, 138 S. Ct. 577, 588 (2018). So probable cause existed even if some of the evidence had suggested self-defense. *See Sanchez v. Labate*, 564 F. App'x 371, 374 (10th Cir. 2014) (unpublished) (noting that New Mexico law does not require arresting officers to consider a claim of self-defense in determining whether they have probable cause).

Nor does the video prevent a finding of probable cause. The video supplies context for the incident, showing that Mrs. Stone taunted Mr. Craft and pushed his Bible into his face. But the video also shows that Mr. Craft reacted by pushing Mrs. Stone. Though the video reveals Mrs. Stone's taunts and provocation, the video does not show

---

[4]     Officer White argues that even if the criminal complaint had lacked probable cause for third-degree aggravated battery, probable cause would have remained for the lesser offense of disorderly conduct. In our view, however, probable cause existed for both charges.

13

- how much force Mr. Craft used or

- how hard Mrs. Stone fell.

New Mexico law recognizes self-defense only when the conduct involves a reasonable, necessary response to an "immediate danger," NMRA, Crim. UJI 14-5182, and the video does not definitively show whether Mr. Craft responded reasonably to an immediate danger. We thus conclude that Mr. Craft's claim of malicious prosecution fails based on the existence of probable cause.

\* \* \*

We conclude that Mr. Craft's claim of malicious prosecution fails at the first prong of qualified immunity because

- the termination of the criminal case did not indicate Mr. Craft's innocence and

- probable cause existed for the criminal charges.

## C. The existence of probable cause also prevents relief for retaliatory prosecution.

Mr. Craft also asserts First Amendment claims of retaliatory prosecution based on violation of his rights to free speech and free exercise of religion. This claim entails four elements: (1) the plaintiff was engaged in a constitutionally protected activity, (2) the defendant caused an injury that would chill a person of ordinary firmness from engaging in the protected activity, (3) the defendant was substantially motivated by the protected activity, and (4) the defendant lacked probable cause. *Mocek v.*

14

*City of Albuquerque*, 813 F.3d 912, 930–31 (10th Cir. 2015); *Hartman v. Moore*, 547 U.S. 250, 265–66 (2006). Because Mr. Craft has not shown a lack of probable cause, this claim also fails at the first prong of qualified immunity.

## V. Conclusion

For these reasons, we conclude that Officer White enjoys qualified immunity on the claims of malicious prosecution and retaliatory prosecution. We thus reverse and remand with instructions to grant summary judgment to Officer White.

Entered for the Court


Robert E. Bacharach
Circuit Judge

15